[No. 7084-1-III.   Division Three.   March 25, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY BENJAMIN SOUTHERLAND, *Appellant*.

---

*Roy Benjamin Southerland,* pro se, and *Katherine Steele Knox,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

PER CURIAM.—This matter is before the court on a motion to modify a commissioner's ruling in a sentencing appeal.

We have reviewed the entire record and this ruling. Because the matter involves characterization of out–of–state convictions under the Sentencing Reform Act of 1981 as codified at RCW 9.94A, it has precedential value. We agree with the commissioner's ruling and adopt it as our opinion. Footnotes containing relevant statutory language have been added for clarification.

Roy Benjamin Southerland seeks accelerated review of what he believes is a sentence outside the statutory, presumptive range for the offense and someone with his criminal history.

On April 2, 1985, Mr. Southerland was sentenced on one count of first degree burglary (75 months) and three counts of second degree assault (56 months each), the sentences to be served concurrently. The sentences were at the upper end of the standard sentencing ranges which were based on the seriousness of the offense and Mr. Southerland's criminal history. *See* RCW 9.94A.360.

Included in his criminal history were an August 10, 1965, Alaska conviction of assault with a dangerous weapon (a class B felony); an October 2, 1969, Grant County conviction of second degree assault (a class B felony); a September 25, 1972, Oregon conviction of compelling prostitution (a class B felony); and a March 28, 1983, Oregon conviction of first degree theft by deception (a class C felony). This appeal concerns primarily the Oregon convictions and the timing of the verdict, judgment and sentence in the current offense.

Initially, the prosecutor objects to the matter being heard on an accelerated basis pursuant to RAP 18.15 because the sentence was within the standard range. Also, because other issues are raised with respect to the trial, the State believes accelerated review is inappropriate.

■ Here, as in *State v. Harris,* 41 Wn. App. 561, 563, 705 P.2d 280 (1985), the very issue on the motion is the determination and application of the appropriate standard range. If Mr. Southerland's view of his criminal history is correct, then a 75-month sentence is outside the range and must be supported by the necessary findings and conclusions. RCW 9.94A.120(2), (3). Furthermore, despite the currency of this court's docket, a delay of sentence review until the underlying appeal is heard by the panel could negatively impact Mr. Southerland if his view of his criminal history is correct. If it is, and assuming good time credit reduction, *see* RCW 9.94A.150, Mr. Southerland's release could be unnecessarily delayed. Thus, the State's objections to accelerated review are overruled, and Mr. Southerland's motion will be entertained.

RCW 9.94A.360(12) provides:

Class A prior felony convictions are always included in the offender score. Class B prior felony convictions are not included if the offender has spent ten years in the community and has not been convicted of any felonies since the last date of release from confinement pursuant to a felony conviction (including full–time residential treatment), if any, or entry of judgment and sentence. Class C prior felony convictions and serious traffic convictions as defined in RCW 9.94A.330 are not included if the offender has spent five years in the community and has not been convicted of any felonies since the last date of release from confinement pursuant to a felony conviction (including full–time residential treatment), if any, or entry of judgment and sentence. This subsection applies to both adult and juvenile prior convictions.

The designation of out–of–state convictions shall be covered by the offense definitions and sentences provided by Washington law.

Mr. Southerland was paroled from the compelling–prostitution offense on February 12, 1975. He was sentenced on the Oregon theft charge on March 28, 1983, and the jury in this case returned its verdict on February 12, 1985, although judgment and sentence were not filed until April 2, 1985.

If the Oregon theft conviction is a felony, none of Mr. Southerland's criminal history is erased by operation of RCW 9.94A.360(12) because no 10–year period on the class B felonies and no 5–year period on the class C felony will have run without an additional felony conviction. Mr. Southerland contends it cannot be considered a felony because the Oregon statute requires that the property taken only have a value of more than $200, whereas in Washington the threshold felony amount is $250. RCW 9A.56.040, .050. Relying on RCW 9.94A.360(12), which provides that the designation of out–of–state convictions "shall be covered by the offense definitions and sentences provided by Washington law", Mr. Southerland contends the Oregon conviction must be considered a misdemeanor.

The presentence investigation report for that offense indicates Mr. Southerland unlawfully placed a $79.95 price

sticker on an item with a retail value of $399.95 and attempted to purchase it for the lesser value. The report was considered over Mr. Southerland's objection.

■ RCW 9.94A.110[1] allows the sentencing court to consider the presentence reports, if any, and RCW 9.94A.370[2] allows the court to use information contained in those reports where the defendant does not object to that information. Mr. Southerland's objection was to the report as hearsay, not to the information contained therein. Thus, the information is deemed acknowledged for the purposes of RCW 9.94A.370.

■ Given the value of the property stolen is sufficient to constitute felony theft in Washington, the court correctly considered it a felony conviction. Where an out–of–state crime has a lesser threshold monetary amount or age, the

---

[1]RCW 9.94A.110 provides:

"Before imposing a sentence upon a defendant, the court shall conduct a sentencing hearing. The sentencing hearing shall be held within forty court days following conviction. Upon the motion of either party for good cause shown, or on its own motion, the court may extend the time period for conducting the sentencing hearing. The court shall consider the presentence reports, if any, including any victim impact statement and criminal history, and allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a representative of the victim or survivor, and an investigative law enforcement officer as to the sentence to be imposed. If the court is satisfied by a preponderance of the evidence that the defendant has a criminal history, the court shall specify the convictions it has found to exist. All of this information shall be part of the record. Copies of all presentence reports presented to the sentencing court and all written findings of facts and conclusions of law as to sentencing entered by the court shall be sent to the department by the clerk of the court at the conclusion of the sentencing and shall accompany the offender if the offender is committed to the custody of the department."

[2]RCW 9.94A.370 provides in pertinent part:

"In determining any sentence, the trial court may use no more information than is admitted by the plea agreement, and admitted to or acknowledged at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The real facts shall be deemed proven at the evidentiary hearing by a preponderance of the evidence. Real facts that establish elements of a higher crime, a more serious crime, or additional crimes cannot be used to go outside the presumptive sentence range except upon stipulation."

Washington offense definitions cannot be applied within the meaning of RCW 9.94A.360 unless the amount stolen or the age of the victim is specifically pleaded in the other jurisdiction's charging document or revealed in reports such as the presentence workup. If the value or age is disputed, then the statute contemplates a hearing to resolve the matter. *See* RCW 9.94A.370.

The court did not err in evaluating the Oregon theft conviction as a felony. It follows, therefore, there was no error in including, for the purposes of RCW 9.94A.360, the other convictions in Mr. Southerland's criminal history.

Nonetheless, he contends that a discharge from parole on the prostitution offense precludes its inclusion because it is tantamount to a discharge under RCW 9.94A.220[3] and should be considered vacated from his record pursuant to RCW 9.94A.230.[4] A discharge alone does not prevent

---

[3] RCW 9.94A.220 provides:

"When an offender has completed the requirements of the sentence, the secretary of the department or his designee shall notify the sentencing court, which shall discharge the offender and provide the offender with a certificate of discharge. The discharge shall have the effect of restoring all civil rights lost by operation of law upon conviction, and the certificate of discharge shall so state. Nothing in this section prohibits the use of an offender's prior record for purposes of determining sentences for later offenses as provided in this chapter. Nothing in this section affects or prevents use of the offender's prior conviction in a later criminal prosecution either as an element of an offense or for impeachment purposes. A certificate of discharge is not based on a finding of rehabilitation.

"Upon release from custody, the offender may apply to the department for counseling and help in adjusting to the community. This voluntary help may be provided for up to one year following the release from custody."

[4] RCW 9.94A.230 provides:

"(1) Every offender who has been discharged under RCW 9.94A.220 may apply to the sentencing court for a vacation of the offender's record of conviction. If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court may clear the record of conviction by: (a) Permitting the offender to withdraw the offender's plea of guilty and to enter a plea of not guilty; or (b) if the offender has been convicted after a plea of not guilty, by the court setting aside the verdict of guilty; and (c) by the court dismissing the information or indictment against the offender.

"(2) An offender may not have the record of conviction cleared if: (a) There are any criminal charges against the offender pending in any court of this state or another state, or in any federal court; (b) the offense was a violent offense as

consideration of a previous offense, RCW 9.94A.220; the court may vacate the conviction, thereby erasing it from a defendant's criminal history, only under certain conditions. RCW 9.94A.230(2). Mr. Southerland also notes that another department of the Superior Court has considered the dismissal of a charge after completion of successful probation as essentially a "wash–out" of that offense from the defendant's criminal history. *See* RCW 9.95.240.[5] That issue is pending in a stayed appeal by the State.

The vacation provisions of RCW 9.94A.220 would not apply to the Oregon prostitution offense. Mr. Southerland has not remained conviction free for a sufficient time

---

defined in RCW 9.94A.030; (c) the offender has been convicted of a new crime in this state, another state, or federal court since the date of the offender's discharge under RCW 9.94A.220; (d) the offense is a class B felony and less than ten years have passed since the date the applicant was discharged under RCW 9.94A.220; and (e) the offense was a class C felony and less than five years have passed since the date the applicant was discharged under RCW 9.94A.220.

"(3) Once the court vacates a record of conviction under subsection (1) of this section, the fact that the offender has been convicted of the offense shall not be included in the offender's criminal history for purposes of determining a sentence in any subsequent conviction, and the offender shall be released from all penalties and disabilities resulting from the offense. For all purposes, including responding to questions on employment applications, an offender whose conviction has been vacated may state that the offender has never been convicted of that crime. Nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution."

[5]RCW 9.95.240 provides:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed." (RCW 9.95.900 provides that RCW 9.95.240 is inapplicable to felonies committed on or after July 1, 1984.)

period. Also, it is different from the dismissal of the charges under RCW 9.95.240 because, obviously, the charge was not dismissed. Finally, Mr. Southerland has cited nothing in the sentencing reform act indicating legislative intent to discount convictions for which a defendant has been discharged from parole. The Oregon prostitution conviction is unaffected by the parole discharge. It was properly included in Mr. Southerland's criminal history.

Finally, Mr. Southerland contends the conviction amounts to double jeopardy and an ex post facto application of the sentencing reform act. No authority is cited for either proposition. Clearly, he is not being twice punished for the Oregon crime; he was paroled from that offense and was discharged from parole. That offense merely provides increased punishment for his four current convictions. *See State v. Le Pitre*, 54 Wash. 166, 168, 103 P. 27 (1909).

The sentence is affirmed.

The motion to modify is denied.