[No. 18525-0-I.  Division One.  June 6, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM
FREDDIE JOHNSON, *Appellant.*

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

GROSSE, J.—William F. Johnson appeals from the judgment and sentence entered for his conviction of conspiracy to commit first degree murder (count 1), first degree murder (count 2), and first degree theft (count 3). Johnson also appeals the offender score on which his sentence was based. A recitation of the facts in this case is not necessary to resolve the issue.

Johnson received a determinate sentence of 369 months based on an offender score of 8 for count 1; a determinate

sentence of 430 months based on an offender score of 8 for count 2; and a determinate sentence of 29 months based on an offender score of 7 for count 3.[1] Johnson contends that it was error for the trial court to include his 1964 Washington conviction for taking a motor vehicle when figuring his offender score under the Sentencing Reform Act of 1981 (SRA), because he had spent 5 felony–free years in the community after his release from his 1971 conviction for simple robbery[2] and his 1981 conviction for possession of stolen property.

In 1964, at the time the crime was committed, taking a motor vehicle was an unclassified felony; the offender was subject to a maximum prison term of 10 years. Crimes, otherwise unclassified, which carry a 10–year term of imprisonment are now classified as class B felonies. RCW 9A.20.040(2). Thus if Johnson was now convicted of an unclassified crime carrying a 10–year term, his conviction would be considered a class B felony. However, taking a motor vehicle is currently classified as a class C felony. Johnson contends, therefore, that as he has spent 5 felony–free years in the community, the 1964 conviction cannot be included in his criminal history when computing his

---

[1]In computing the offender score, the court considered Johnson's criminal history under former RCW 9.94A.360 as:

| Crime | Type | Points |
| --- | --- | --- |
| Taking a Motor Vehicle | Class C | 1 |
| 2nd Degree Burglary | Class B | 1 |
| Simple Robbery | Class B | 2 |
| Possession of Stolen Property | Class C | 1 |

Thus the offender score on the conspiracy conviction was 8 (5 points for the above prior convictions, 2 points for the murder conviction, 1 point for the theft conviction). The offender score on the murder conviction was 8 (5 points for the prior convictions, 2 points for the conspiracy conviction, and 1 point for the theft conviction). The offender score on the theft conviction was 7 (5 points for the prior convictions, and 1 point each for the conspiracy and murder convictions).

[2]Johnson was paroled from this 1971 Colorado simple robbery conviction and released in December of 1972. His next felony conviction (possession of stolen property) was in 1981.

offender score pursuant to former RCW 9.94A.360(12).[3] Under that provision, any 5–year felony–free period following conviction of a class C felony causes that conviction to "wash out" and not be included as part of a defendant's criminal history for sentencing purposes under the SRA. *State v. Hall,* 45 Wn. App. 766, 769, 728 P.2d 616 (1986). However, the SRA does not indicate whether a court should use the current classification of a previously unclassified felony or whether it should look to the old indeterminate penalty to create a classification for use when applying pre–SRA prior convictions to the wash–out provision contained in the statute. The question which results is one of first impression in this jurisdiction.

Under the SRA, a defendant's prior convictions are used to determine his offender score, which in turn is used to establish the applicable presumptive standard sentence range. *State v. Bembry,* 46 Wn. App. 288, 730 P.2d 115 (1986). The classification of felonies did not occur until 1975. *See* Laws of 1975, 1st Ex. Sess., ch. 260 (codified at RCW 9A.20.020). Since that date, taking a motor vehicle has been classified as a class C felony. *See* RCW 9A.56.070. Implicit in recent court decisions dealing with pre–SRA convictions under the SRA is that current classifications have been employed to classify crimes committed prior to

---

[3]Former RCW 9.94A.360(12) provided in pertinent part as follows:

Class A prior felony convictions are always included in the offender score. Class B prior felony convictions are not included if the offender has spent ten years in the community and has not been convicted of any felonies since the last date of release from confinement pursuant to a felony conviction (including full–time residential treatment), if any, or entry of judgment and sentence. Class C prior felony convictions and serious traffic convictions as defined in RCW 9.94A.330 are not included if the offender has spent five years in the community and has not been convicted of any felonies since the last date of release from confinement pursuant to a felony conviction (including full–time residential treatment), if any, or entry of judgment and sentence. This subsection applies to both adult and juvenile prior convictions.

Former RCW 9.94A.360(12) has been recodified as RCW 9.94A.360(2). With an exception pertaining to juvenile felony offenders, not in issue here, the subsections are virtually the same. In Johnson's case the result would be the same under either provision.

1975. *See, e.g., State v. Hall, supra* at 767 (1968 attempted burglary conviction classified as a class C felony); *State v. Southerland,* 43 Wn. App. 246, 248, 716 P.2d 933 (1986) (1965 Alaska conviction of assault with a dangerous weapon classified as a class B felony; 1969 Grant County conviction of second degree assault classified as a class B felony; and 1972 Oregon conviction of compelling prostitution classified as a class B felony). In 1975, when it classified felonies, the Legislature is presumed to have determined that the new penalties contained therein were adequate, and with respect to those crimes for which the penalties were, in effect, reduced no purpose would be served by using the older or harsher penalties. *State v. Heath,* 85 Wn.2d 196, 198, 532 P.2d 621 (1975); *see also Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 510, 730 P.2d 1327 (1986).

We hold that to be consistent with the purpose of the SRA to avoid diverse treatment,[4] the present classification of crimes should be used to determine the pre–SRA classification of the crime for offender score and sentencing purposes. Were we to uphold the State's position (classification should be according to the punishment as it was at the time the crime was committed), a person who had committed the crime of taking a motor vehicle in 1974 would be subject to a 10–year wash–out provision, while an individual who committed the same crime the following year would only be subject to a 5–year wash–out provision.[5] Such a result

---

[4]RCW 9.94A.010 states in pertinent part:

"The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to add a new chapter to Title 9 RCW designed to:

". . .

"(3) Be commensurate with the punishment imposed on others committing similar offenses;"

[5]We decline any use of the "rule of lenity," which requires a court to adopt an interpretation most favorable to the defendant. *State v. Welty,* 44 Wn. App. 281, 283, 726 P.2d 472, *review denied,* 107 Wn.2d 1002 (1986). We note that under the Legislature's promulgation of the SRA, sentences for some crimes, particularly in

would denigrate the uniform treatment of defendants which is at the very heart of the SRA.

One of the purposes of the SRA is to establish a reasonably uniform system of punishment for adult offenders. *See State v. Garrison,* 46 Wn. App. 52, 728 P.2d 1102 (1986). However, "[t]he mandate for reasonably consistent decisions does not superimpose exactly the SRA upon the prior system." *Addleman,* at 511. But here, the sentencing is for a crime committed after the SRA was in effect and after felonies were classified. Our holding here is in accord with the SRA's intended treatment of defendants who are committed to the Department of Corrections on or after July 1, 1986, for crimes committed prior to July 1, 1984. For those defendants, RCW 9.95.011, which incorporates the SRA, requires that the court attempt to set the minimum term "reasonably consistent with the purposes, standards, and sentencing ranges adopted under RCW 9.94A.040". *Cf. In re Irwin,* 110 Wn.2d 175, 751 P.2d 289 (1988) (applying RCW 9.95.009). A fortiori, the court's treatment of prior convictions should be at least consistent with the classification of crimes as in existence at the time the SRA was adopted. As the former indeterminate sentencing system must be adjusted and interpreted in accord with the purposes, standards and ranges of the SRA,[6] it would strain logical reasoning to return to the penalty under a former unclassified crime when the crime was classified at the time of the adoption of the SRA.

We agree with Johnson that the trial court erred in failing to wash out his 1964 conviction under former RCW

---

the area of sexual offenses, have increased in penalty or have been upgraded in class. Therefore, it is conceivable there could be a case in which a defendant's previous conviction would bring on a result which would be less favorable than that of the defendant here. We intend, however, for the rule set forth here to apply to all defendants, regardless of whether application of the present criminal code classification results in a longer or shorter wash–out period.

[6]*See also In re Irwin, supra* at 179; *Addleman v. Board of Prison Terms & Paroles, supra* at 511; *In re Rolston,* 46 Wn. App. 622, 625–26, 732 P.2d 166 (1987).

9.94A.360(12). The 1964 conviction must be removed from consideration in determining Johnson's offender score. Therefore, we reverse and remand for a redetermination of his offender score and sentence.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

SWANSON and WILLIAMS, JJ., concur.

Review denied by Supreme Court September 1, 1988.