[No. 9095-7-III.  Division Three.  June 27, 1989.]

JOHN J. HUNTON, *Appellant*, v. LARRY KINCHELOE, *as Superintendent of the Washington State Penitentiary, Respondent.*

*John J. Hunton*, pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Linda A. Dalton, Assistant,* for respondent.

THOMPSON, C.J.—John Hunton appeals the Superior Court's dismissal of his petition for writ of habeas corpus. He contends the Sentencing Reform Act of 1981 (SRA) reduces the maximum term for his pre–SRA conviction. We affirm.

On June 7, 1976, Mr. Hunton wrote a check on a closed account for $47.34 to a grocery store. This act violated former RCW 9.54.010, the grand larceny by check statute. *See* Laws of 1915, ch. 165, § 3, repealed by Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.92.010, effective July 1, 1976. On October 3, 1977, the court placed Mr. Hunton on probation. On January 24, 1979, the court revoked his probation based

upon his subsequent conviction for forgery, and sentenced him to the maximum term of 15 years. The Department of Corrections set a minimum term for Mr. Hunton of 36 months.

Had Mr. Hunton committed his 1976 crime 23 days later, he would have violated RCW 9A.56.060(5), which makes the unlawful issuance of a bank check for less than $250 a gross misdemeanor. The maximum sentence for a gross misdemeanor is 1 year. RCW 9A.20.020(2). However, RCW 9A.04.010 specifically states that the provisions of RCW Title 9A do not govern punishment for offenses committed *prior* to its effective date.[1]

Under the SRA, the sentence for this offense is 0 to 60 days with an offender score of 0. RCW 9.94A.310. The maximum penalty for this offense under the SRA also is 1 year. RCW 9.94A.040(4)(c).

Over the next 7 years, Mr. Hunton was twice paroled and twice revoked. The following is a chronology of actions taken in Mr. Hunton's case, first by the Board of Prison Terms and Paroles and then by its successor, the Indeterminate Sentence Review Board:

6/29/81: Mr. Hunton is paroled.

11/29/84: His parole is revoked for assaultive behavior.

1/2/85: The Board, without giving reasons, sets a new minimum term of 24 months for Mr. Hunton.

11/26/85: Mr. Hunton is again paroled.

10/28/86: His parole is again revoked, this time for threats made to community correction officers, failing to report to his community correction officer, for associating with another person on parole, and for consuming alcohol.

12/3/86: The Board, without giving reasons, sets a new minimum term of 12 months for Mr. Hunton.

---

[1]RCW 9A.04.010 reads in part:

"(3) . . . Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this title had not been enacted."

6/23/87: Mr. Hunton is declared parolable upon submission of an approved plan.

9/18/87: The Board denies Mr. Hunton's proposed parole plan. It reasons:

The residence is unacceptable and does not provide the atmosphere that relatives are willing to assist him. It should be noted that Mr. Gamer would be conducive to Mr. Hunton's successful reint[e]gration into the community, the plan does not address his mental health needs and they are severe, nor does the plan address the severe alcohol problem which has been an ongoing problem for many years. Next action is to submit an alternate plan addressing the above needs. It should be noted that the plan does indicate that Mr. Hunton has declined the Department of Corrections' willingness to place him in a semi– or structured setting and that he turned down work release. The plan is one that he has paroled to on previous occasions and he has met with failure. Lastly, Mr. Hunton's behavior in the community has begun to escalate and to severe violent behavior and this raises concern given his alcohol abuse and his mental health problems.

5/17/89: The Board releases Mr. Hunton on parole.[2]

Prior to the Board denying his parole plan, Mr. Hunton filed this petition for writ of habeas corpus in superior court.[3] The court granted the Board's motion to dismiss, stating "[p]etitioner has failed to show any actual prejudice resulting from any constitutional error and is, therefore, not entitled to have his petition for writ of habeas corpus granted."

In support of his contention that the SRA changed his maximum term, Mr. Hunton cites RCW 9.94A.040(4)(c).

---

[2]The State subsequently notified this court that a warrant has been issued for Mr. Hunton's arrest for failure to comply with the conditions of his parole.

[3]The personal restraint procedure provided for in RAP 16.3 does not deprive the superior court of jurisdiction in habeas corpus proceedings, but the court has discretion to transfer such a petition to the Court of Appeals for consideration as a personal restraint petition if it determines that the ends of justice will be best served by a transfer. *Toliver v. Olsen*, 109 Wn.2d 607, 609, 746 P.2d 809 (1987).

Under that section, the *maximum* term in a sentencing range *under the SRA* may not exceed the maximum for the crime provided in RCW 9A.20.020. The maximum term for the crime Mr. Hunton committed was 1 year.

■ The flaw in Mr. Hunton's argument is that he was not sentenced *under the SRA.* RCW 9.95.009 defines the authority of the Indeterminate Sentence Review Board over pre–SRA offenders. It requires the Board to calculate *minimum* terms *for pre–SRA offenders* taking into consideration the ranges and the purposes of the SRA. As the State points out, the Board has no authority to change a maximum term, even in circumstances when it believes the maximum is incorrect. *Cf. In re Chapman,* 105 Wn.2d 211, 216, 713 P.2d 106 (1986) (if the parole board thought the sentences were incorrect, the proper remedy was to return defendants to superior court for resentencing). RCW 9.95-.009 "does not superimpose exactly the SRA upon the prior system." *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 511, 730 P.2d 1327 (1986).

Mr. Hunton refers us to *State v. Johnson,* 51 Wn. App. 836, 759 P.2d 459, *review denied,* 111 Wn.2d 1008 (1988), but that case is distinguishable. In *Johnson,* the question involved the proper classification of a pre–1976 criminal code offense for purposes of determining an offender score *under the SRA.* The decision does not suggest the Board has authority to change a maximum term lawfully set by the court for a *pre–SRA* offense.

We hold that RCW 9.94A.040(4)(c) does not change Mr. Hunton's maximum term. We therefore affirm the judgment of the Superior Court dismissing Mr. Hunton's petition for writ of habeas corpus.

MUNSON and SHIELDS, JJ., concur.

Reconsideration denied July 26, 1989.