[No. 13653-8-II.   Division Two.   June 8, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. LESTER
WEIAND, *Appellant.*

*Craddock Verser, Public Defender,* for appellant.

*John F. Raymond, Prosecuting Attorney,* and *Mark Huth,
Deputy,* for respondent.

MORGAN, A.C.J. — Lester Weiand appeals his sentence
for one count of statutory rape in the second degree and one
count of indecent liberties. We affirm.

Weiand was charged with committing the above offenses on May 18 and 19, 1987. A jury found him guilty on December 6, 1989, and he was sentenced on January 26, 1990.

At sentencing, Weiand contended that his offender score should be 1,[1] but the trial court computed it as 2. This resulted in a standard range of 26 to 34 months for statutory rape in the second degree and 21 to 27 months for indecent liberties. Former RCW 9.94A.310(1); former RCW 9.94A.320. He was sentenced to the top end of this range, or 34 months.[2] If he had persuaded the trial court that his offender score should have been 1, his standard range would have been 21 to 27 months on the statutory rape count and 15 to 20 months on the indecent liberties count. Former RCW 9.94A.310(1); former RCW 9.94A.320.

The trial judge computed the offender score as 2 because of a Nebraska second degree assault conviction. *See* RCW 9.94A-.360(8).[3] The incident giving rise to that conviction occurred in Nebraska on April 29, 1983. At that time, the pertinent Nebraska statute provided, "A person commits the offense of assault in the second degree if he or she . . . [i]ntentionally or knowingly causes bodily injury to another person with a dangerous instrument . . . ." Neb. Rev. Stat. § 28-309. The Nebraska prosecutor charged that Weiand "did intentionally or knowingly cause bodily injury to Harry Harper with a dangerous instrument." Weiand pleaded no contest and was found guilty. He was sentenced to jail on February 21, 1984, and released from jail on approximately April 24, 1984. He was not again confined until the present case.

---

[1]Weiand was being sentenced for two current offenses, and RCW 9.94A-.400(1)(a) provides that "the ,sentence range for each current offense shall be determined by using all other current . . . convictions as if they were prior convictions for the purpose of the offender score[.]"

[2]Stated more exactly, Weiand was sentenced to the top end of the standard range on both counts, with the sentences to run concurrently.

[3]RCW 9.94A.360(8), previously codified as RCW 9.94A.360(7) (Laws of 1986, ch. 257, § 25(7)), provides in part:
"If the present conviction is for a nonviolent offense . . ., count one point for each adult prior felony conviction . . . ."

Weiand appeals the inclusion of the Nebraska conviction in his offender score. Relying on RCW 9.94A.360(2),[4] he contends that the Nebraska conviction had "washed out" because it was comparable to a class C felony in Washington and he had spent more than 5 consecutive felony-free years in the community between his last release from confinement and his current convictions. The State contends that the Nebraska conviction had not "washed out" because it was comparable to a class B felony in Washington and Weiand had not spent 10 consecutive felony-free years in the community between his last release and his current convictions.

The problem is how to classify an out-of-state conviction for purposes of computing an offender score under Washington's Sentencing Reform Act of 1981. RCW 9.94A.360(3) provides:

> Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law.

When using this statute to classify an out-of-state conviction, the first step is to identify the "comparable" Washington "offense definition", if there is one. Identification is accomplished by comparing the elements of the out-of-state crime[5] with the elements of potentially comparable Washington crimes.[6] *State v. Franklin*, 46 Wn. App. 84, 87-89, 729 P.2d 70 (1986); *see also* Washington Sentencing

---

[4]At the time of sentencing, RCW 9.94A.360(2) provided in pertinent part: "Class B prior felony convictions shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without being convicted of any felonies. Class C prior felony convictions shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies."

[5]Presumably, the elements of the out-of-state crime can be obtained from the out-of-state statute or, assuming that the other state's law requires that all elements of the crime be stated in the charge, from the out-of-state charge.

[6]*State v. Franklin*, 46 Wn. App. 84, 729 P.2d 70 (1986) expressly rejects the alternative idea of classifying an out-of-state conviction in accordance with the

Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* I-11 (1990) ("For a prior federal, out-of-state or foreign conviction, compare the elements of the offense in that jurisdiction to Washington State laws to determine how to score the offense . . ."). Once the "comparable" Washington "offense definition" has been identified, the next step is to ascertain how Washington law classifies that definition — is it a felony, and if so, an A, B, or C felony? *See* RCW 9A-.20.010; RCW 9A.20.021. If Washington law classifies the definition as an A, B, or C felony, the final step is to assign the same classification to the out-of-state conviction.

The first step requires further refinement before it can be applied here. Weiand argues that when comparing the elements of an out-of-state crime with the elements of potentially comparable Washington crimes, the trial court was required to use Washington law in effect at the time of the current sentencing. He notes that when he was sentenced in January 1990, the elements of second degree assault were contained in RCW 9A.36.021[7] and the elements of third degree assault were contained in RCW 9A.36.031;[8]

---

punishment assigned by the other jurisdiction. *State v. Franklin*, 46 Wn. App. at 88-89; *see also State v. Johnson*, 51 Wn. App. 836, 839, 759 P.2d 459 (rejecting idea of classifying Washington conviction in accordance with punishment assigned by Washington prior to adoption of its felony classification scheme in 1975), *review denied*, 111 Wn.2d 1008 (1988).

[7]When Weiand was sentenced in January 1990, RCW 9A.36.021 provided in part:

"(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

"(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; . . .

" . . . .

"(2) Assault in the second degree is a class B felony."

[8]When Weiand was sentenced in January 1990, RCW 9A.36.031 (Laws of 1989, ch. 169, § 1) provided in part:

"(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:

" . . . .

"(c) With criminal negligence, causes bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm; . . .

" . . . .

"(2) Assault in the third degree is a class C felony."

that one of the elements in RCW 9A.36.021 is intent; and that he was convicted in Nebraska of knowingly but not necessarily intentionally assaulting one Harper. Because of this lack of intent, he concludes that the elements of his Nebraska conviction could not be comparable to the elements of Washington's second degree assault statute. Instead, he says, the elements of his Nebraska conviction must be comparable to the elements of Washington's third degree assault statute, which defines a class C felony.

In contrast, the State argues that when comparing the elements of an out-of-state crime with the elements of potentially comparable Washington crimes, the trial court is required to use Washington law in effect when the out-of-state crime was committed. It notes that when Weiand committed his Nebraska assault, the elements of Washington's second degree assault were contained in former RCW 9A-.36.020;[9] that one of the elements in former RCW 9A.36.020 is knowledge; and that Weiand was convicted in Nebraska of "knowingly" assaulting Harper. It concludes that the elements of his Nebraska conviction are comparable to the elements of Washington's second degree assault statute, which defines a class B felony.

We hold that when comparing the elements of an out-of-state crime with the elements of potentially comparable Washington crimes, Washington courts must use the Washington elements in effect on the date that the out-of-state crime was committed.[10] When the Legislature enacted the

---

[9]In 1983, RCW 9A.36.020 (Laws of 1979, 1st Ex. Sess., ch. 244, § 9) provided in part:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . . .

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; . . .

". . . .

"(2) Assault in the second degree is a class B felony."

[10]This holding does not necessarily apply to the classification of out-of-state convictions incurred before Washington's felony classification scheme was adopted in 1975. RCW 9A.20.010-.021. In *State v. Johnson, supra,* the court held that a 1964 Washington felony conviction should not be classified according to

Sentencing Reform Act of 1981, one of its purposes was to ensure punishment "commensurate with the punishment imposed on others committing similar offenses". RCW 9.94A.010(3); *see State v. Johnson*, 51 Wn. App. 836, 839, 759 P.2d 459, *review denied*, 111 Wn.2d 1008 (1988); *State v. Franklin*, 46 Wn. App. at 89. When it enacted RCW 9.94A-.360(3), it intended to implement that purpose by treating defendants with equivalent prior convictions in the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere. The classification of a prior Washington conviction is not affected by subsequent changes in the elements of the crime for which the conviction was rendered, and the same should be true for the classification of a prior out-of-state conviction.[11]

■ ■ When we compare the elements of Weiand's 1983 conviction with the elements of Washington crimes as they existed in 1983, we find that the statutory elements underlying his conviction are the same as those in former RCW 9A.36.020(1)(c). The elements underlying the Nebraska conviction are (1) knowingly; (2) causing bodily injury; (3)

---

the 10-year punishment statutorily prescribed in 1964. Rather, the court said, it should be classified by (1) identifying the same offense as it existed after Washington's classification scheme was adopted, (2) ascertaining the punishment prescribed for it under that scheme, and then (3) classifying it according to that later-prescribed punishment. We are not called upon to assess or apply that ruling today. We note in passing, however, that if pre-1975 Washington convictions are to be classified according to Washington elements enacted in 1975, the same might be true for pre-1975 out-of-state convictions.

[11]We derive additional though minor support for our holding from cases decided under Washington's former habitual criminal provision, RCW 9.92.090. Those cases held that the test for determining the sufficiency of an out-of-state conviction for habitual criminal purposes was whether the information or indictment under which the defendant was convicted in the foreign jurisdiction stated facts (elements) that would have established the minimum elements of a felony in Washington *at the time of the foreign offense. See, e.g., State v. Rinier*, 93 Wn.2d 309, 312-13, 609 P.2d 1358·(1980); *State v. Furth*, 5 Wn.2d 1, 4-5, 104 P.2d 925 (1940); *State v. Hystad*, 36 Wn. App. 42, 50, 671 P.2d 793 (1983); *State v. Tribble*, 26 Wn. App. 367, 372-73, 375-76, 613 P.2d 173, *review denied*, 94 Wn.2d 1024 (1980).

with a dangerous instrument. The elements in former RCW 9A.36.020(1)(c) are (1) knowingly; (2) assaulting another; (3) with a weapon or other instrument or thing likely to produce bodily harm. Causing or attempting to cause bodily injury can constitute an assault. *State v. Stewart*, 73 Wn.2d 701, 703, 440 P.2d 815, 816 (1968), and in our view, a dangerous instrument is equivalent to one likely to produce bodily harm.[12] Thus, the elements underlying the Nebraska conviction are comparable to those in the Washington statute within the meaning of RCW 9.94A-.360(3).

In summary, Weiand's Nebraska conviction is to be compared with the offense definition contained in former RCW 9A.36.020(1)(c); that offense definition was classified as a class B felony; and Weiand's conviction is also to be classified as a class B felony. Weiand did not spend 10 felony-free years in the community between his last release from con-

---

[12]In his brief, Weiand seems to imply that his Nebraska conviction did not involve a dangerous weapon because he committed the Nebraska assault with his feet. If that is his contention, we reject it for two reasons.

First, it is not supported by the record on appeal. During sentencing, the trial judge recited orally from the bench that a presentence report said Weiand committed the assault with his feet. However, that presentence report has not been made a part of the record on appeal, and we have no way of knowing whether it would allege that Weiand was kicking Harper barefoot or with some type of instrument, *e.g.*, steel-toed boots.

Second, even if the presentence information were sufficient, it is being used in such a way as to collaterally attack the Nebraska conviction in the context of the current sentencing proceeding. Although it has been held that acknowledged information in a Washington presentence report can be used to *supplement* the elements of an out-of-state conviction when such information is consistent with those elements, *State v. Southerland*, 43 Wn. App. 246, 249-51, 716 P.2d 933 (1986) (Oregon conviction for stealing "more than $200"; presentence report showed amount as $399), *see State v. Franklin*, 46 Wn. App. at 89 (Illinois conviction for first degree assault; court's opinion states that victim was stabbed 13 times and left outdoors in 15 degree weather), it has never been held that presentence information can be used to *contradict* a fact essential to the validity of a prior conviction. Such use is equivalent to a collateral attack on the prior conviction, and other Washington cases have disallowed collateral attacks in the context of a current sentencing proceeding. *See State v. Jones*, 110 Wn.2d 74, 77-79, 750 P.2d 620 (1988); *State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); *State v. Blakey*, 61 Wn. App. 595, 598-99, 811 P.2d 965 (1991).

finement in 1984 and his current convictions in 1989. Thus, his Nebraska conviction does not "wash out", and the trial court did not err by including it within his offender score.

Affirmed.

ALEXANDER, J., and PEARSON, J. Pro Tem., concur.