[No. 28313-8-I.    Division One.    September 7, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH
LAVONE WILEY, *Defendant,* ROBERT HUNT,
*Appellant.*

*Mary Jane Ferguson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michele Hauptman, Deputy,* for respondent.

GROSSE, J. — Robert Hunt appeals the basis of the offender score used in sentencing him after his conviction for residential burglary. Only a recitation of the facts pertaining to sentencing is necessary.

Hunt was found guilty of participating in a daytime burglary of a houseboat. He received a determinate sentence of 74 months based on an offender score of 9 for the conviction. His offender score of 9 included the following three prior convictions: (1) a 1971 grand larceny conviction; (2) a 1972 attempted grand larceny conviction; and (3) a 1974 grand

larceny conviction. Hunt pleaded guilty to each of these charges. In addition there were three other convictions in Hunt's criminal history. These included a 1982 second degree theft and two 1987 convictions for violation of the Uniform Controlled Substances Act, RCW 69.50. The transcript of the sentencing hearing shows the trial court found two parole revocations occurred during the period between the 1974 grand larceny conviction and the 1982 second degree theft, precluding a washout of any class C felony.[1] On appeal, Hunt argues the convictions are more properly classified as gross misdemeanors and should not be included in his criminal history at all.

Hunt claims the court erroneously included the three pre-Sentencing Reform Act of 1981 (SRA) convictions of grand larceny, or attempted grand larceny, after the dollar values underlying the convictions were changed by the "new" theft crime classifications contained in RCW 9A.56.010 *et seq.* Thus, he argues the larceny convictions should not be included in his criminal history and offender score. Citing *State v. Johnson*, 51 Wn. App. 836, 839, 759 P.2d 459, *review denied*, 111 Wn.2d 1008 (1988) as authority, Hunt argues the present classification of a crime, rather than the punishment as it was at the time the crime was committed, should be used to determine the classification of pre-SRA crimes for offender score and sentencing purposes.[2]

The State argues there is no crime equivalent to grand larceny within the current classification system and therefore the classification of grand larceny should be based on the punishment applicable when the crime was committed.

---

[1] The State has provided no record to this court showing the parole revocations.

[2] The calculation of a criminal defendant's offender score is an issue of law that is reviewed de novo by an appellate court. *State v. Allyn*, 63 Wn. App. 592, 821 P.2d 528 (1991), *review denied*, 118 Wn.2d 1029 (1992). It is incumbent upon the State to establish the defendant's criminal history by a preponderance of the evidence. RCW 9.94A.110; *see State v. Herzog*, 48 Wn. App. 831, 834, 740 P.2d 380 (1987), *aff'd*, 112 Wn.2d 419, 771 P.2d 739 (1989); *State v. Marsh*, 47 Wn. App. 291, 295, 734 P.2d 545 (1987).

Because punishment for a conviction for grand larceny was up to a maximum of 15 years, the State claims it should be classified as a class B felony. In addition, the State argues that attempted grand larceny is a class C felony.

Among other provisions, former RCW 9.54.090 (the grand larceny statute) provided that every person who unlawfully took property with a value of more than $75 was guilty of grand larceny. The Legislature repealed this statute in 1975 when it classified felonies. It replaced the larceny statutes with the current theft statutes, RCW 9A.56.010 *et seq*. Under the current theft statutes, a person cannot be convicted of a felony unless he or she obtains property or services with a value of more than $250.

Prior misdemeanor convictions do not count toward the calculation of an offender score. RCW 9.94A.360.

The *Johnson* court indicated:

> In 1975, when it classified felonies, the Legislature is presumed to have determined that the new penalties contained therein were adequate, and with respect to those crimes for which the penalties were, in effect, reduced no purpose would be served by using the older or harsher penalties.

*Johnson*, 51 Wn. App. at 839 (citing *State v. Heath*, 85 Wn.2d 196, 198, 532 P.2d 621 (1975)).

The State disagrees and counters that this presumption cannot be made with respect to crimes similar to grand larceny which do not exist in the new classification scheme. The former 2-tiered larceny scheme became a 3-tiered theft scheme. This change was made before the adoption of the SRA. The State asserts that changes in the structure and grading of thefts, which replaced larceny crimes, reflected both inflation and a broad change in the structure of charging thefts. Therefore, the State contends this court must adopt a rule permitting uniform and proportional punishment as far as possible. The State claims this should be accomplished through use of the maximum penalty for pre-SRA crimes which were never classified by the Legislature and should be the guide adopted for classification of crimes found outside of RCW Title 9A.

■ This court adopted a rule providing for uniform and proportional punishment insofar as possible. That rule, and the rationale for it, is set forth in *Johnson*. There is nothing in the facts of the case before this court that justifies a departure. Moreover, application of *Johnson* is consistent with the approach of this court to out-of-state convictions. *See State v. Weiand*, 66 Wn. App. 29, 831 P.2d 749 (1992).

One of the purposes of the SRA is to ensure punishment "commensurate with the punishment imposed on others committing similar offenses", RCW 9.94A.010(3). To be consistent with this purpose, the present classification of crimes should be used to determine the pre-SRA classification of the crime for offender score and sentencing purposes.[3] The actual crime the defendant is convicted of committing and the mental state involved therein must be the determining factors and not the length of punishment. *See State v. Franklin*, 46 Wn. App. 84, 88-89, 729 P.2d 70 (1986). To hold otherwise would frustrate the legislative intent of ensuring punishment proportionate to the offense, the criminal history, and to others committing similar offenses. Therefore the State must bring forth evidence to prove the "grade" of the theft of the previous conviction under the current classification. Although this may seem burdensome, it protects the defendant from an improper offender score and is consistent with the intent of the SRA.

Hunt is correct in claiming that on this record the 1971, 1972 and 1974 convictions must be removed from consideration in determining his offender score. The State failed to bring forth evidence proving the amount in question in these convictions would have reached the $250 threshold to constitute a felony under the current Washington classification. However, on remand the State may well be able to produce such evidence.

---

[3] When the Legislature enacted RCW 9.94A.360(3), it intended to implement the "commensurate punishment" purpose by treating defendants with equal prior convictions in the same way, regardless of whether the prior convictions incurred in Washington State or elsewhere. *State v. Weiand, supra.*

The decision of the trial court is reversed and the case remanded for a redetermination of the offender score and sentence.

WEBSTER, C.J., and COLEMAN, J., concur.

Review granted at 123 Wn.2d 1013 (1994).