IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 38641-4-III |
| | ) | |
| | ) | |
| STEVEN L. SMITH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

LAWRENCE-BERREY, J. — Steven Smith petitions for relief from personal restraint, arguing that his judgment and sentence is facially invalid because of a miscalculated offender score. He raises three arguments. The State concedes only the first, that a factual comparability analysis is required for a prior Oregon conviction. We agree and grant in part Mr. Smith's petition.

FACTS

In April 2013, a jury convicted Mr. Smith of seven counts of unlawful possession of a firearm in the first degree and one count of possessing a stolen firearm. During sentencing, the State presented documents to establish two of Mr. Smith's prior convictions: (1) a 1991 order of commitment and order modifying disposition for a juvenile first degree burglary conviction from Klickitat County Juvenile Court, and

(2) a 1995 judgment for a second degree burglary conviction from the Circuit Court for the County of Hood River, Oregon.

The sentencing court did not conduct a comparability analysis of the Oregon conviction. The court included both prior convictions in Mr. Smith's offender score, calculated that score as a "2," and sentenced him to 255 months of confinement.

We affirmed Mr. Smith's convictions on direct appeal. *State v. Smith*, No. 31698-0-III, slip op. at 23 (Wash. Ct. App. Dec. 30, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/316980.unp.pdf. We issued our mandate on May 20, 2015. Mandate, No. 31698-0-III (Wash. Ct. App. May 20, 2015).

On December 10, 2021, Mr. Smith filed this petition.

ANALYSIS

CHALLENGES TO OFFENDER SCORE

Mr. Smith argues the court miscalculated his offender score in three ways. We address each argument after reviewing the relevant standards for personal restraint petitions.

Generally, a personal restraint petition must be filed within one year of the date the judgment and sentence becomes final, unless it is facially invalid. RCW 10.73.090(1). "A judgment and sentence is facially invalid if the trial court lacked

authority to impose the challenged sentence." *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014). When a court imposes a sentence based on a miscalculated offender score, it acts without statutory authority and in excess of its jurisdiction. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866-67, 50 P.3d 618 (2002). The one-year limit does not apply when the sentence imposed is in excess of the court's jurisdiction. RCW 10.73.100(5).

When asserting nonconstitutional grounds for relief, such as the miscalculation of an offender score, the petitioner must establish (1) they are being unlawfully restrained (2) due to a fundamental defect that inherently results in a complete miscarriage of justice. *Goodwin*, 146 Wn.2d at 867. Both requirements are established when a sentencing court acts beyond its jurisdiction by imposing a sentence based on an incorrect offender score. *Id.* at 867-69.

    1.    *Error by failing to conduct comparability analysis of Oregon conviction*

Mr. Smith argues his 1995 Oregon conviction for second degree burglary should not have been included in his offender score calculation. He contends the Oregon conviction is not legally or factually comparable to a Washington crime. The State concedes that the sentencing court failed to conduct a comparability analysis and requests

3

that we remand for the court to conduct such an analysis. As explained below, we conclude the sentencing court must conduct a factual comparability analysis.

Prior out-of-state convictions may be counted in an offender score if they are comparable to a Washington crime. RCW 9.94A.525(3). The State must prove the existence and comparability of all foreign convictions. *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999).

To determine whether an out-of-state conviction counts toward the defendant's offender score, the sentencing court compares the elements of the out-of-state crime with the elements of potentially comparable Washington crimes and makes a factual determination as to whether the crimes are comparable. *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). "[T]he elements of the out-of-state crime must be compared to the elements of Washington criminal statutes in effect when the foreign crime was committed." *Id*. at 606. If the two crimes are comparable, the out-of-state conviction can be included in the offender score. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007).

Washington has a two-part analysis for determining whether an out-of-state conviction is comparable to a Washington conviction. *Id*. First, the trial court determines whether the crimes are *legally* comparable—whether the elements of the out-of-state

4

crime are substantially similar to the elements of the Washington crime. *Id.* If the elements of the out-of-state crime are broader than the elements of the Washington crime, they are not legally comparable. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005).

Second, even if the crimes are not legally comparable, the sentencing court can still include the out-of-state conviction in the offender score if the crime is *factually* comparable. *See Thiefault*, 160 Wn.2d at 415. Determining factual comparability involves analyzing whether the defendant's conduct underlying the out-of-state conviction would have violated the comparable Washington statute. *Id.* In this step, we consider only facts that were previously admitted, stipulated to, or proved beyond a reasonable doubt. *State v. Davis*, 3 Wn. App. 2d 763, 772, 418 P.3d 199 (2018).

Here, the sentencing court included Mr. Smith's Oregon conviction for second degree burglary in its offender score calculation without conducting a comparability analysis. A comparability analysis should have been performed.

Oregon's second degree burglary statute provides, "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.215(1). Under the Oregon statute, "'Building,' in addition to its ordinary meaning, includes *any booth, vehicle, boat,*

*aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein.*"  ORS 164.205(1) (emphasis added).

Washington's second degree burglary statute provides, "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building *other than a vehicle or a dwelling*."  RCW 9A.52.030(1) (emphasis added).  Washington's residential burglary statute provides that "[a] person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling *other than a vehicle*."  Former RCW 9A.52.025(1) (1989) (emphasis added).

In Oregon, the crime of second degree burglary can be committed in a broader array of items compared to the potential Washington crimes of second degree burglary and residential burglary.  Because the Oregon statute is broader, the crimes are not comparable, and a factual comparability analysis must be performed.

Here, the record for the Oregon conviction is limited to the Oregon judgment.  The judgment includes no facts for which a comparability analysis can be performed.  The proper remedy is to remand for resentencing for the trial court to conduct a comparability analysis.  *Thiefault*, 160 Wn.2d at 417.  On remand, the parties must be

given the opportunity to present all relevant evidence regarding criminal history, including criminal history not previously presented.  RCW 9.94A.530(2).

2. *If Oregon conviction is comparable, it must be treated as a class B felony*

Mr. Smith argues that because his Oregon conviction is a class C felony, it should not have been included in his offender score because, after his release, he spent more than five years in the community without committing any crime.  We disagree that his Oregon conviction should be treated as a class C felony.

"Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law."  RCW 9.94A.525(3).  This ensures that defendants with equivalent convictions are treated equally regardless of whether the prior convictions were incurred in Washington or elsewhere.  *State v. Markovich*, 19 Wn. App. 2d 157, 172-73, 492 P.3d 206 (2021), *review denied*, 198 Wn.2d 1036, 501 P.3d 141 (2022).

Once the comparable Washington offense has been identified, the next steps are to ascertain how Washington law classifies the offense—an A, B, or C felony—and then assign the same classification to the out-of-state conviction.  *State v. Weiand*, 66 Wn. App. 29, 32, 831 P.2d 749 (1992).

As noted above, the comparable Washington offense is either residential burglary or second degree burglary. Both are class B felonies in Washington. RCW 9A.52.025(2), .030(2). If the trial court concludes that the Oregon second degree burglary conviction is comparable to one of these Washington offenses, the Oregon conviction must be treated as a class B felony for purposes of calculating Mr. Smith's criminal history.

3. *Juvenile conviction correctly scored as 1 point*

Mr. Smith argues the sentencing court erred in scoring his 1991 juvenile first degree burglary conviction as a "1." He argues the sentencing court should have calculated it as a "½" and rounded his offender score down. We disagree.

In 2013, when the sentencing court calculated the offender score, the court was required to add 1 point to Mr. Smith's offender score for "each juvenile prior violent felony conviction." Former RCW 9.94A.525(7) (2011). "Violent offense" was defined to include "[a]ny felony defined under any law as a class A felony." Former RCW 9.94A.030(54)(a)(i) (2011). First degree burglary was a class A felony. Former RCW 9A.52.020(2) (1975). Accordingly, the trial court correctly scored this prior offense.

No. 38641-4-III
*In re Pers. Restraint of Smith*

We grant in part Mr. Smith's petition.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

9