[No. 63261-8.  En Banc.]
Argued June 12, 1996.  Decided July 18, 1996.

THE HEALTH INSURANCE POOL, *Appellant*, v. THE HEALTH CARE AUTHORITY, ET AL., *Respondents*.

*Carney, Badley, Smith & Spellman,* by *Timothy J. Parker* and *Barbara J. Van Ess,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Melissa A. Cain, Assistant,* for respondents.

JOHNSON, J. — This case requires us to interpret RCW

48.41.030(13) to decide whether the Washington Health Care Authority, as administrator of the self-funded Uniform Medical Plan for state employees, is required to pay assessments as a "member" of the Washington State Health Insurance Pool. We agree with the Thurston County Superior Court that the Uniform Plan is not a "member" as defined in RCW 48.41.030(13), and affirm the judgment in favor of the Health Care Authority.

## FACTS

In 1987, the Legislature passed the Health Insurance Coverage Access Act (Act) to provide access to health insurance to individuals who are otherwise unable to obtain adequate levels of health insurance. LAWS OF 1987, ch. 431 (codified at RCW 48.41). The Act created the Washington State Health Insurance Pool (Pool), a nonprofit entity, to administer a health insurance plan available to underinsureds and uninsureds meeting the statutory eligibility requirements. RCW 48.41.040(1), .100. Enrollees pay premiums for the insurance. Any difference between the amount paid out for covered services and the income from premiums is made up by assessments charged to Pool "members." RCW 48.41.090. The "members" of the pool include commercial disability insurers, health care service contractors, and health maintenance organizations licensed under RCW Title 48. RCW 48.41.030(13). In addition to underwriting the Pool insurance, the "members" administer the Pool through a board of directors. RCW 48.41.040(2).

Concerned with the rising cost of providing health plan benefits for state employees, the Legislature in 1988 created the Washington Health Care Authority (HCA) to develop and administer health care benefit programs for state employees. LAWS OF 1988, ch. 107 (codified at RCW 41.05). In addition to contracting with private insurers to provide health plans, HCA created the Uniform Medical Plan, a self-funded health insurance plan available to state employees. RCW 41.05.140(1) (authorizing creation of self-funded insurance plan).

In 1993, the Pool requested HCA respond to the Pool's position that HCA, as the administrator of the Uniform Medical Plan, was a "member" and liable for assessments under RCW 48.41. HCA disagreed with the Pool's position. The Pool then filed this action for declaratory relief and damages, seeking a ruling that HCA is a "member" of the Pool and a judgment for delinquent assessments.

Following the Pool's motion for partial summary judgment, the trial court granted summary judgment of dismissal, sua sponte, in favor of HCA. The trial court concluded as a matter of law HCA is not a "member" of the Pool pursuant to RCW 48.41.030(13). We accepted direct review and affirm.

## ANALYSIS

■ This is an issue of statutory construction, decided as a matter of law by the trial court; therefore, our review of the issue is de novo. *Rettkowski v. Department of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996).

The Health Insurance Coverage Access Act provides: "[a]ll members in this state on or after May 18, 1987, shall be members of the pool. When authorized by federal law, all self-insured employers shall also be members of the pool." RCW 48.41.040(1). The Act defines "member" as:

"Member" means any commercial insurer which provides disability insurance, any health care service contractor, and any health maintenance organization licensed under Title 48 RCW. "Member" shall also mean, as soon as authorized by federal law, employers and other entities, including a self-funding entity and employee welfare benefit plans that provide health plan benefits in this state on or after May 18, 1987.

RCW 48.41.030(13).

Because HCA is not licensed under RCW Title 48, the second sentence is the portion of the definition at issue in this case. The parties agree the "federal law" referenced in the second sentence is the Employee Retirement Income

Security Act of 1974 (ERISA), 29 U.S.C.A. §§ 1001-1461 (1985). ERISA regulates "employee benefit plans," including employer-funded health benefit plans. 29 U.S.C.A. §§ 1002(1), (3), 1003(a) (1985). ERISA expressly preempts state regulation of such plans. 29 U.S.C.A. § 1144(a) (1985). The definition of "member" in RCW 48.41.030(13) recognizes that, under ERISA, the State cannot currently require employer self-funded health plans to be "members" of the Pool. ERISA, however, expressly exempts from its regulation "governmental" employee benefit plans, including plans established or maintained by state governments. 29 U.S.C.A. §§ 1002(32), 1003(b)(1) (1985).

The Pool argues the language of RCW 48.41.030(13) is unambiguous and applies to HCA. The Pool's argument is that because the Uniform Medical Plan is an employer self-funded benefit plan, exempt from federal regulation, HCA falls squarely within the definition of "member." On the other hand, HCA argues the language "as soon as authorized by federal law" restricts the definition of "member" to only those private employer self-funded plans that ERISA preempts from state regulation and not those self-funded plans that have always been exempted from ERISA.

■ RCW 48.41.030(13) is ambiguous because the clause "as soon as authorized by federal law" raises the question of whether the Legislature intended this definition to include only private employer self-funded health plans, or to also include governmental employer self-funded health plans, which have never been subject to federal regulation. *See Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc.*, 125 Wn.2d 305, 312, 884 P.2d 920 (1994) (a statute susceptible to two reasonable meanings is ambiguous). Where the language of a statute is ambiguous, resort to the tools of statutory construction is appropriate. *Morris v. Blaker*, 118 Wn.2d 133, 142, 821 P.2d 482 (1992). Our primary goal in interpreting a statute is to ascertain and give effect to the Legislature's intent. *Tommy P. v. Board of County Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982).

In ascertaining the Legislature's intent, we look to the language of the statute as a whole, *Tommy P.*, 97 Wn.2d at 391, and legislative history, *Department of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982). Applying these principles to the facts of this case, we find the language of RCW 48.41 taken as a whole and its legislative history support finding that the Legislature did not intend HCA to fall within the definition of "member" in RCW 48.41.030(13).

The structure and language of RCW 48.41 evidence the Legislature's intent to exclude HCA from the definition of member. The Legislature's stated intent in enacting the Health Insurance Coverage Access Act was to ensure that adequate levels of health insurance coverage are available to Washington residents who are considered uninsurable or underinsured. RCW 48.41.020. The persons identified as requiring access to the Pool's insurance are those individuals ineligible for medical assistance and who have been rejected for medical reasons or other related reasons by at least one *"member."* RCW 48.41.100. The Act also requires "members" to fund the Pool to account for any deficits incurred. RCW 48.41.090. Thus, the structure and the language of RCW 48.41, taken as a whole, demonstrate that it was the Legislature's intent to fund the Pool by requiring those insurers who created the need for the Pool (by rejecting potential insureds) to subsidize the Pool sponsored insurance.

Requiring the State, by way of HCA, to pay assessments subsidizing the Pool would be inconsistent with this intent. HCA does not contribute to the need for the Pool because HCA does not reject any potential insureds. The only requirement for participation in the Uniform Medical Plan is to be an eligible state employee.[1] Once an employee qualifies as an eligible employee, HCA follows an open enrollment policy; open enrollment does not require evidence of insurability. WAC 182-08-040.

---

[1] In this context, eligibility refers to job status, i.e., full or part-time, permanent, nonpermanent, or seasonal. WAC 182-12-115.

■ ■ In addition to the structure of RCW 48.41, its language further supports finding that the Legislature did not intend HCA to be a "member" of the Pool. Had the Legislature intended to include the entire class of employer self-funded plans in the definition of "member" it could have easily done so. Instead, the Legislature limited this definition of member by inserting the clause "as soon as authorized by federal law." This clause evidences the fact the Legislature knew ERISA preempts *private* employer self-funded plans from state regulation. But it also evidences the fact the Legislature knew *governmental* employer self-funded plans are not subject to ERISA. *See Martin v. Triol*, 121 Wn.2d 135, 148, 847 P.2d 471 (1993) (the Legislature is presumed to have knowledge of existing statutes relevant to the subject upon which it is acting). Because governmental employer self-funded plans have always been exempt from ERISA, no future authorization of federal law is required for the State to make them "members"; therefore, the "as soon as authorized by federal law" provision limits the definition of members to those employer self-funded plans preempted from state regulation by ERISA, i.e., private employer self-funded plans. Reading the definition of "member" to include governmental employer self-funded plans would render the language "as soon as authorized by federal law" superfluous as applied to governmental employer self-funded plans. We will not construe statutes to render portions of the statute superfluous. *Progressive Animal Welfare Soc'y v. University of Washington*, 125 Wn.2d 243, 260, 884 P.2d 592 (1994).

The legislative history of RCW 48.41 and its amendments provide further support for interpreting the future requirement of "as soon as authorized by federal law" as limiting the definition of "member" to private employer self-funded plans. The final bill report to the legislation originally enacting RCW 48.41 states: "Provisions are made to include self-funded programs in the pool, *if permitted by federal law in the future*." HOUSE COMM. ON HEALTH CARE, 1987 FINAL LEGISLATIVE REPORT ON SHB

99; Clerk's Papers at 166 (emphasis added). Two years later, in 1989, the Legislature passed HB 1067 amending some aspects of RCW 48.41. LAWS OF 1989, § 121. RCW 48.41.040(2) provides that at least one "member" of the Pool's board of directors will represent self-insureds "[w]hen self-insured organizations become eligible for participation in the pool." One of the 1989 amendments made clear that, if this occurred, the membership of the board would be increased so that the self-insurer representative would not have to replace a current board member. LAWS OF 1989, ch. 121, § 2. In discussing the background of this amendment, the House bill summary noted that it provided for the addition of new board members "if, in the unlikely event, it is ever possible to require the participation of self-insurers." Clerk's Papers at 170. The emphasis in both of these reports on the need for a future change in federal law in order to make the definition effective manifests the Legislature's intent to include in the definition of "members" only those self-insured employers who are subject to ERISA's preemption of state regulation.

In its briefs, the Pool argues that interpreting RCW 48.41.030(13) to be limited to private employer self-funded plans violates the establishment and equal protection clauses of the First and Fourteenth Amendments to the U.S. Constitution. Constitutional issues may be raised for the first time on appeal. *State v. Hieb*, 107 Wn.2d 97, 108, 727 P.2d 239 (1986). However,

> Parties raising constitutional issues must present considered arguments to this court. We reiterate our previous position: " 'naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.' " *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986) (quoting *United States v. Phillips*, 433 F.2d 1364, 1366 (8th Cir. 1970) [*cert. denied*, 401 U.S. 917 (1971)]).

*State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

The Pool has failed to offer considered argument on either issue, thus, they do not merit our consideration.

## CONCLUSION

We hold HCA as administrator of the Uniform Medical Plan is not a "member" under RCW 48.41.030(13). The language, structure, and legislative history of RCW 48.41 demonstrate the Legislature's intent to exclude governmental employer self-funded plans from the definition of member. The summary judgment of dismissal is affirmed.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.