Honorable Mary Campbell McQueen Administrator for the Courts 1206 South Quince Street P.O. Box 41170 Olympia, WA 98504-1170
Dear Ms. McQueen:
By letter previously acknowledged, you have requested our opinion on two questions we have paraphrased as follows:
 Is it lawful for a county clerk or other local officer to share pending case information with the Judicial Information System pursuant to RCW 26.50.160 or related statutes or court rules, when the information would otherwise be confidential by virtue of some other statute? An example would be RCW 13.50.100, relating to juvenile dependency information.
 Does RCW 71.05.390 permit county clerks to share mental commitment case information with one another, either through the Judicial Information System or otherwise, in order to implement RCW 71.05.245, which requires courts to consider a history of recent civil commitments when determining the likelihood of serious harm in a subsequent proceeding?
 BRIEF ANSWERS
RCW 26.50.160, in requiring certain case information to be maintained in the Judicial Information's database, and in authorizing the judicial information system to require additional information, is not inconsistent with general confidentiality statutes such as RCW 13.50.100. RCW 71.05.390 contains a specific exception allowing courts to obtain mental commitment information; this exception allows, among other things, sharing case information with other courts through the Judicial Information System so that the other courts may meet the requirements imposed by RCW 71.05.240.
 ANALYSIS Is it lawful for a county clerk or other local officer to share pending case information with the Judicial Information System pursuant to RCW 26.50.160 or related statutes or court rules, when the information would otherwise be confidential by virtue of some other statute? An example would be RCW 13.50.100, relating to juvenile dependency information.
The Judicial Information System (JIS) was created by the Washington State Supreme Court in court rule (See, the Judicial Information System Committee Rules (JISCR)) but is also recognized in state statute. Title 2.68 RCW. The purpose of the JIS is explained in the rules as follows:
 It is the intent of the Supreme Court that a statewide Judicial Information System be developed. The system is to be designed and operated by the Administrator for the Courts under the direction of the Judicial Information System Committee and with the approval of the Supreme Court pursuant to RCW 2.56. The system is to serve the courts of the state of Washington.
 JISCR 1.
Your first question arises out of the Legislature's enactment of RCW 26.50.160 in 1995 (Laws of 1995, ch. 246, § 18), entitled "an act relating to domestic violence." As a general matter, it seeks to facilitate the protection of victims of domestic violence by promoting the efficient and effective use of court orders and other enforcement mechanisms. An important theme of the legislation is to promote the exchange of information essential for courts and agencies to perform their duties. RCW 26.50.160
addressed the "information exchange" problem:
 To prevent the issuance of competing protection orders in different courts and to give courts needed information for issuance of orders, the judicial information system shall be available in each district, municipal, and superior court by July 1, 1997, and shall include a data base containing the following information:
 (1) The names of the parties and the cause number for every order of protection issued under this title, every criminal no-contact order issued under chapter 10.99 RCW, every antiharassment order issued under chapter 10.14 RCW, every dissolution action under chapter 26.09 RCW, every third-party custody action under chapter 26.10 RCW, and every parentage action under chapter 26.10 [sic][1] RCW;
(2) A criminal history of the parties; and
 (3) Other relevant information necessary to assist courts in issuing orders under this chapter as determined by the judicial information system committee.
RCW 26.50.160.
Pursuant to subsection (3) of the statute quoted just above, the Supreme Court and the committee which governs the JIS (see, JISCR 2) have instituted requirements that county clerks or equivalent officers provide information to the JIS which is either specifically required by RCW 26.50.160(1) or is ". . . other relevant information. . . ." as mentioned in subsection (3).
From your question, we understand that some of the information which county clerks are required to provide to the JIS is information covered by RCW 13.50.100, a long section governing maintenance and access to certain records by juvenile justice or care agencies. RCW 13.50.100(2) states that:
 Records covered by this section shall be confidential and shall be released only pursuant to this section and RCW 13.50.010.
Id.
The subsections which follow describe several circumstances in which various persons may gain access to the records in question. The most obviously applicable is subsection (3):
 Records retained or produced by any juvenile justice or care agency may be released to other participants in the juvenile justice or care system only when an investigation or case involving the juvenile in question is being pursued by the other participant or when that other participant is assigned the responsibility of supervising the juvenile. Records covered under this section and maintained by the juvenile courts which relate to the official actions of the agency may be entered in the state-wide juvenile court information system.
Id. (Emphasis added.)
We understand that the "state-wide juvenile court information system" operates as a subset or subdivision of the JIS.[2]
Accordingly, it is clear that juvenile court information, even if otherwise covered by RCW 13.50.100, may be shared with the JIS.
Our conclusion would be the same even without this explicit language. Sharing information with the Judicial Information System is not releasing it to the general public. The JIS is maintained by the courts for the administration of justice. While some of the data maintained in the system is publicly accessible, the system is designed to take into account the fact that some of the information in it is for restricted access only. See, e.g., JISCR 11, 12, and 15.
Furthermore, even if there were a conflict between RCW 26.50.160
and RCW 13.50.100, RCW 26.50.160 would prevail. A later, more specific statute prevails over an earlier, more general one. Citizens for Clean Air v. Spokane, 114 Wn.2d 20, 785 P.2d 447
(1990). RCW 26.50.150 seeks to further the specific goal of protecting victims of domestic violence by allowing courts to access the information they need to issue appropriate protective orders. This specific purpose would overcome the general "privacy interest" that underlies a confidentiality statute such as RCW13.50.100.[3] Statutes should be construed to carry into effect the legislative intent behind them. Marquis v. City of Spokane,130 Wn.2d 97, 922 P.2d 43 (1996); Health Ins. Pool v. Health Care Authority, 129 Wn.2d 504, 919 P.2d 62 (1996).
Accordingly, we conclude that RCW 13.50.100 would not bar court clerks or other officials from providing data to the JIS from juvenile court case files, even if the information in question is statutorily exempt from public disclosure.[4]
 Does RCW 71.05.390 permit county clerks to share mental commitment case information with one another, either through the Judicial Information System or otherwise, in order to implement RCW 71.05.245, which requires courts to consider a history of recent civil commitments when determining the likelihood of serious harm in a subsequent proceeding?
RCW 71.05.245 was enacted as Laws of 1998, ch. 297, § 14. It is a new statutory provision enacted as part of a long bill revising the laws on the commitment of the mentally ill. The bill contains a statement of intent which provides:
 It is the intent of the legislature to: (1) Clarify that it is the nature of a person's current conduct, current mental condition, history, and likelihood of committing future acts that pose a threat to public safety or himself or herself, rather than simple categorization of offenses, that should determine treatment procedures and level; (2) improve and clarify the sharing of information between the mental health and criminal justice systems; and (3) provide additional opportunities for mental health treatment for persons whose conduct threatens himself or herself or threatens public safety and has led to contact with the criminal justice system.
Laws of 1998, ch. 297, § 1.
This legislative intent forms the backdrop for the statute who have asked about, RCW 71.05.245:
 In making a determination of whether there is a likelihood of serious harm in a hearing conducted under RCW 71.05.240 or 71.05.320, the court shall give weight to whether the person has: (1) A recent history of one or more violent acts; or (2) a recent history of one or more commitments under this chapter or its equivalent provisions under the laws of another state which were based on a likelihood of serious harm. The existence of prior violent acts or commitments under this chapter or its equivalent shall not be the sole basis for determining whether a person presents a likelihood of serious harm.
For the purposes of this section "recent" refers to the period of time not exceeding three years prior to the current hearing.
Id. (Emphasis added.)
Obviously, if a court conducting a commitment hearing is required to consider ". . . a recent history of one or more commitments under this chapter or its equivalent provisions . . .", there must be some way for the court to learn of the existence of those other proceedings. Since people move around, not all of the prior proceedings will be of record in the same court where the current proceeding is occurring. Thus, there must be some mechanism (the Judicial Information System is an obvious candidate) for the various courts in the state to share commitment information so that they can comply with statutes such as RCW 71.05.245.
At this point, the other statute you have asked about comes into play. RCW 71.05.390 provides, in similar fashion to RCW 13.50.100, that "[e]xcept as provided in this section, the fact of admission and all information and records compiled, obtained, or maintained in the course of providing services to either voluntary or involuntary recipients of services at public or private agencies shall be confidential." Id. However, RCW 71.05.390 contains a specific exception which answers your question:
Information and records may be disclosed only:
. . .
 To the courts as necessary to the administration of this chapter.
. . .
Id.
Since part of the "administration of this chapter" involves following the procedures outlined in RCW 71.05.245, which requires an examination of recent prior commitment records as part of the decision whether to recommit a person, it logically follows that courts may share commitment information with one another without violating RCW 71.05.390.[5]
As we noted in our answer to Question 1, sharing information with the Judicial Information System is not the equivalent of releasing it to the general public. Although the JIS serves to a limited extent as a way of distributing information to the general public about the courts, its primary purpose is to facilitate the conduct of court business, and the JIS is designed to withhold confidential information from the public when the law so requires. Accordingly, since the JIS seems to be the obvious mechanism for storing and retrieving data about mental health commitments in the state's various courts (as well as such information from out-of-state jurisdictions as may be available), releasing commitment data to the JIS is simply the way in which courts release information to one another as a way of administering chapter 71.05 as the legislature envisioned it.
We trust the foregoing will be useful to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Sr. Assistant Attorney General
[1] This reference to chapter 26.10 is undoubtedly an error. The chapter governing parentage actions is RCW 26.26.
[2] The state-wide juvenile court information system is not otherwise mentioned in Washington statute. The term in this statute first appeared through a 1983 amendment. Laws of 1983, ch. 191, § 20. The 1983 act did not contain any other references to the term.
[3] Both the confidentiality statutes and the "shared information" statute were enacted primarily to benefit the victims of domestic violence by assuring them informed and effective redress from the government while protecting them from any embarrassment or additional harm that might result from unwarranted publicity. Denying Judge A information about proceedings conducted by Judge B concerning the same parties would undermine the very protection the statutes were enacted to provide.
[4] We have analyzed only RCW 13.50.100. While we assume the analysis would be similar as to any other confidentiality statutes which might come into play, we did not directly examine any other provisions. Furthermore, there is always a separate question who can obtain and use information from the Judicial Information System. This is beyond the scope of your question, and we do not reach, other than to observe, as we did above, that the JIS rules contemplate honoring the confidentiality attaching to court records maintained by the JIS system. Note especially JISCR 12.
[5] The exception in RCW 71.05.390 for sharing information with other courts, now found in subsection (6), is not a new one, but was part of the original version of this statute. Laws of 1973, 1st Ex. Sess. Ch. 142, § 44(5). We should emphasize that compliance with RCW 71.05.245 is not the only basis for courts to share commitment information with one another.