956

[No. 31750-8-II.   Division Two.   June 7, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL WAYNE BALL, *Appellant*.

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Jeremy R. Randolph, Prosecuting Attorney*, and *J. Andrew Toynbee, Deputy*, for respondent.

¶1 BRIDGEWATER, J. — Michael Wayne Ball was convicted of four counts of child molestation. Ball had two previous convictions for first degree statutory rape. The State requested that the trial court sentence Ball under the Persistent Offender Accountability Act (POAA). The court reviewed Ball's previous convictions and found them to be "strikes" under the POAA. Ball appeals his sentence of life without the possibility of release. We hold that the POAA is neither an exceptional sentencing statute subject to a *Blakely* analysis nor is it an enhanced sentence statute. *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The POAA is an act pertaining to recidivism. The POAA under chapter 9.94A RCW is constitutional. It permits a sentencing court to employ a preponderance standard, and the court is not required to submit the matter to a jury. We affirm.[1]

¶2 After Ball was found guilty of four counts of child molestation, the Department of Corrections filed a presentence investigation (PSI) report on March 11, 2004. The PSI listed two previous felony convictions. The first felony, first degree statutory rape, occurred in December 1982. The second felony occurred in April 1983 and was also first degree statutory rape. The trial court did not sentence Ball until 1990 for those convictions.

¶3 At sentencing, the State presented a certified copy of Ball's judgment and sentence on the rape charges from

---

[1] We considered *In re Personal Restraint of Lavery*, 154 Wn.2d 249, 111 P.3d 837 (2005), in reaching our decision. *Lavery* is inapplicable to this case because Ball's prior convictions were from the state of Washington and not foreign convictions. Further, the court did not have to make any factual findings regarding the prior convictions because Ball admitted his age. The record contains Ball's statement of guilty plea with his birth date listed as October 24, 1966. Ball's prior convictions occurred in December 1982 and April 1983. In December 1982, Ball was 16 years of age. In April 1983, Ball was also 16.

1990. Because Ball's criminal history contained two counts of statutory rape, the State sought to have Ball sentenced under the persistent offender statute. The State argued that under the persistent offender statute, Ball had, before the commission of his recent conviction, been convicted of first degree child rape. The State asked for life without the possibility of early release on counts I, II, and V and for the standard range sentence on count IV. In response, Ball argued that the persistent offender statute was unconstitutional and that the court should sentence him within the standard range. The court found that Ball was born on October 24, 1966, so at the time he committed his previous crimes he was 16. The court followed the State's recommendation and sentenced Ball to a life term without the possibility of release.

## I. Persistent Offender Accountability Act

¶4 The legislature enacted the POAA in 1994. Laws of 1994, ch. 1, §§ 1-3. A "[p]ersistent offender" is an offender who:

(a)(i) Has been convicted in this state of any felony considered a most serious offense; and

. . . .

(b)(i) Has been convicted of: (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second degree, rape of a child in the second degree, or indecent liberties by forcible compulsion . . .

(ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection or any federal or out-of-state offense or offense under prior Washington law that is comparable to the offenses listed in (b)(i) of this subsection. A conviction for rape of a child in the first degree constitutes a conviction under (b)(i) of this subsection only when the offender was sixteen years of age or older when the offender committed the offense.

RCW 9.94A.030(32). The statute defines "[m]ost serious offense" as "[a]ny felony defined under any law as a class A

felony or criminal solicitation of or criminal conspiracy to commit a class A felony." RCW 9.94A.030(28)(a).

¶5 Ball's 1990 convictions were for statutory rapes occurring in 1982 and 1983. Although the crime of statutory rape no longer exists, the victim age elements are similar to the current offense of child rape. *Compare* RCW 9A.44.073 and former RCW 9A.44.070 (1983). The new statute added the requirement relevant here that the defendant be at least 24 months older than the victim. First degree child rape is a class A felony. RCW 9A.44.073(2).

¶6 RCW 9.94A.570 explains the sentencing guidelines for a persistent offender, stating in part:

> Notwithstanding the statutory maximum sentence or any other provision of this chapter, a persistent offender shall be sentenced to a term of total confinement for life without the possibility of release.

RCW 9.94A.570.

II. Application of *Blakely* to Persistent Offender Statute

■ ¶7 Ball argues that under *Blakely*, 542 U.S. 296, the trial court had to submit the question of whether he was a persistent offender to the jury to be found beyond a reasonable doubt.

¶8 *Blakely* does not apply to sentencing under the POAA. *Blakely* specifically was directed at exceptional sentences under RCW 9.94A.535, "Departures from the guidelines." *Blakely* followed *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), where the Supreme Court held that:

> [o]ther than the *fact* of a prior conviction, any *fact* that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi*, 530 U.S. at 490 (emphasis added).

¶9 Ours is not an exceptional sentencing situation. The "persistent offender" is not listed in RCW 9.94A.535, but in

RCW 9.94A.030(32), and is found in RCW 9.94A.570. The POAA does not increase the penalty for the current offense.

¶10 Ball also asserts that this is a sentence enhancement statute. He is wrong. RCW 9.94A.533 addresses sentence enhancements which is entitled "Adjustments to standard sentences." These enhancements concern firearm enhancements, drug enhancements (e.g. school zones), etc. Only one "adjustment" refers to prior offenses, vehicular homicide may be enhanced for prior offenses. RCW 9.94A.533(7). The POAA is not listed or referred to in this section. We hold that it is not an enhancement of the sentence for the crime committed. Our Supreme Court has held that the POAA is a sentencing statute. *State v. Thorne*, 129 Wn.2d 736, 778, 921 P.2d 514 (1996). This sentencing statute is for recidivism, and the rationale is entirely different from that of either exceptional sentences or sentence enhancements. Our Supreme Court has declined to extend *Apprendi* to recidivism statutes. *State v. Wheeler*, 145 Wn.2d 116, 124 (2001), *cert. denied*, 535 U.S. 996, *cert. denied sub nom. Sanford v. Washington*, 535 U.S. 1037 (2002).

¶11 *Wheeler* answers many of Ball's contentions. It reiterated that (1) the POAA statute was constitutional, (2) the convictions need not be charged in the information, (3) the sentence need not be submitted to a jury, and (4) it need not be proved beyond a reasonable doubt. *Wheeler*, 145 Wn.2d at 120. The court also specifically held that, "[a]ll that is required by the constitution and the statute is a sentencing hearing where the trial judge decides by a preponderance of the evidence whether the prior convictions exist." *Wheeler*, 145 Wn.2d at 121 (citing former RCW 9.94A.110 (2000) (now recodified as RCW 9.94A.500)). That procedure is precisely what occurred in Ball's case. Our Supreme Court reaffirmed *Wheeler* in *State v. Smith*, 150 Wn.2d 135, 143, 75 P.3d 934 (2003), *cert. denied*, 541 U.S. 909 (2004).

## III. Persistent Offender Statute is Constitutional

¶12 Ball claims that the POAA is unconstitutional because (1) the Act is facially unconstitutional because it allows for the imposition of a sentence enhancement above the standard range and (2) the Act is unconstitutionally vague. We disagree with both of these arguments.

### A. Facially Unconstitutional

¶13 Ball contends that the United States Supreme Court's decision in *Blakely* renders the POAA facially unconstitutional because it allows for the imposition of a sentence enhancement above the standard range. But the *Blakely* decision did not declare Washington's exceptional sentencing scheme facially invalid. Instead, the majority expressly stated that it did not declare determinate sentencing unconstitutional. *Blakely*, 542 U.S. at 308. The Court concluded that Washington's statutory procedures for imposing an exceptional sentence when based on judicial fact finding were invalid because the procedures violated the Sixth Amendment right to a jury trial. *Blakely*, 542 U.S. at 308-09. And, as we have noted, the POAA is not an exceptional sentencing statute.

### B. Unconstitutionally Vague

¶14 Ball next claims that the POAA is unconstitutionally vague. But he fails to establish the elements for proving vagueness and his argument is meritless and expressly rejected in *Thorne*, 129 Wn.2d at 769-70.

¶15 Affirmed.

HUNT and VAN DEREN, JJ., concur.

Review denied at 156 Wn.2d 1018 (2006).