181 P.3d 875 (2008)
STATE of Washington, Appellant,
v.
Robert Frank FAILEY, Respondent.
No. 35677-5-II.
Court of Appeals of Washington, Division 2.
April 22, 2008.
*876 Michelle Hyer, Pierce County Prosecutor, Tacoma, WA, for Appellant.
Rita Joan Griffith, Attorney at Law, Seattle, WA, for Respondent.
HUNT, J.
¶ 1 The State appeals the trial court's refusal to sentence Robert Failey as a persistent offender for his 2006 first degree robbery conviction. The State argues that the trial court erred in (1) ruling RCW 9.94A.035 (classification of felonies for sentencing outside Title 9A RCW) ambiguous and, therefore, inapplicable to Failey's sentencing; (2) failing to classify Failey's 1974 robbery conviction as a class A felony for sentencing, including persistent offender, purposes; (3) ruling that Failey's 1974 robbery conviction had washed out and, consequently, excluding it from Failey's criminal history; and (4) finding that, during past sentencing hearings for Failey's prior crimes, the State had taken inconsistent positions on whether Failey's 1974 conviction had washed out and, therefore, was estopped from including it in Failey's criminal history for his current sentencing.
¶ 2 Holding that the trial court erred in excluding Failey's 1974 robbery conviction from his criminal history, we vacate Failey's standard range sentence and remand for resentencing him as a persistent offender.

FACTS

I. Current Criminal Conviction
¶ 3 On April 7, 2006, Robert Failey entered a Key Bank in Spanaway, placed his hand in his pocket as if he had a gun, and asked bank teller Robert Crewse to give him $10,000 "[b]ecause I'm robbing you." Report of Proceedings (RP) (October 25, 2006) at 227. Crewse handed Failey money in which a dye pack was concealed. Failey told Crewse "not to do anything stupid or say anything," RP (October 25, 2006) at 227, left the bank with smoke wafting from the exploded dye pack, dropped the dye pack, and walked away from the bank with the money.
¶ 4 Officer Inga Carey of the Pierce County Sheriff's Department arrived on the scene and saw Failey, who matched the description of the robber that Officer Carey heard on the police radio. Failey had his hands deep in his pockets. When Carey asked to see Failey's hands, Failey said, "No," and ran. Carey chased Failey, becoming concerned for public safety when Failey entered an apartment complex parking lot. Carey stopped Failey with an electronic stun gun, after which Carey placed Failey under arrest.
¶ 5 During a search incident to Failey's arrest, Carey found no weapons, but she did find $130 in red-dyed money. After giving Failey Miranda[1] warnings, Carey asked Failey if he had just robbed Key Bank. Failey responded affirmatively. Bank tellers Crewse and Lindsey Anthony both identified Failey as the robber.

II. Procedure
¶ 6 The State charged Failey with first degree robbery. The jury found Failey guilty as charged.
¶ 7 At sentencing, also in 2006, the State presented Failey's previous felony convictions: second degree burglary on December 4, 1973; robbery on September 19, 1974; first degree robbery on August 26, 1993; and first degree theft and first degree unlawful *877 possession of a firearm on February 10, 1999. Based on Failey's extensive criminal history, the State recommended that the court sentence Failey as a persistent offender to life in prison without the possibility of parole.
¶ 8 Failey did not dispute that his 1973 conviction for second degree burglary, his 1993 conviction for first degree robbery, or his 1999 convictions for first degree theft and first degree unlawful possession of a firearm had not washed out. Failey did, however, contest whether his 1974 robbery conviction could count toward his persistent offender status. After the parties' sentencing hearing arguments, the trial court denied the State's request to consider Failey a persistent offender based on several legal theories.

A. Prior Conviction "Wash-Out"
¶ 9 The trial court first addressed whether Failey's 1974 conviction had washed out under RCW 9.94A.525(2)(b). In 1974, robbery was not differentiated between first and second degree. The State argued that the 1974 robbery conviction did not wash out because RCW 9.94A.035 required courts to treat the 1974 robbery conviction as a class A felony. Failey argued that his 1974 robbery conviction had washed out because the felony statute in 1974 was equivalent to the current statute for robbery in the second degree, a class B felony. The trial court agreed with Failey and ruled that the 1974 conviction had washed out.

B. Estoppel
¶ 10 The trial court next addressed whether the State's positions in previous proceedings in other cases estopped the State from arguing in 2006 that Failey's 1974 conviction had not washed out. During sentencing for Failey's 1993 conviction, a different sentencing court had rejected the State's similar argument and ruled that Failey's 1974 conviction had washed out. Six years later, during sentencing for Failey's 1999 convictions, the State again argued that Failey's criminal history was unclear;[2] the State did not, however, agree that Failey's 1974 conviction had washed out.[3]
¶ 11 During the 2006 sentencing for Failey's current first degree robbery conviction, the State argued that it was not estopped because it did not stipulate that Failey's 1974 conviction had washed out during his sentencing hearings for either his 1993 or his 1999 convictions. Failey countered that the State had failed to argue against the wash out during the 1999 convictions' sentencing hearing and, therefore, the State was now precluded from asserting that his 1974 conviction did not wash out.
¶ 12 Finding that the State had taken inconsistent criminal history sentencing positions during Failey's sentencings for prior convictions in 1993 and 1999, the trial court ruled that the State was estopped from arguing that Failey's 1974 conviction should be included in Failey's criminal history in connection with his 2006 sentencing for first degree robbery.

C. Statutory Ambiguity
¶ 13 The trial court also ruled that (1) RCW 9.94A.035, the felony classification statute, was susceptible to more than one interpretation and therefore, ambiguous; and (2) thus, under the rule of lenity, the statute did not apply to Failey's sentencing.
*878 ¶ 14 After excluding Failey's 1974 robbery conviction from his criminal history, the trial court found that Failey was not a persistent offender. The court then imposed a standard range sentence of 51 to 68 months confinement in the Department of Corrections, followed by 18 to 36 months of community custody.
¶ 15 The State appeals the trial court's exclusion of Failey's 1974 robbery conviction and its corresponding refusal to sentence Failey as a persistent offender.

ANALYSIS
¶ 16 The State argues that the trial court erred in (1) ruling that RCW 9.94A.035 is ambiguous; (2) failing to classify Failey's 1974 robbery conviction as a class A felony for sentencing purposes; (3) ruling that Failey's 1974 robbery conviction had washed out; and (4) finding that the State had taken inconsistent criminal history sentencing positions and, therefore, was estopped from including Failey's 1974 robbery conviction in his criminal history for sentencing in the instant case. We agree.

I. Standard of Review
¶ 17 We review the trial court's construction of a statute, as well as other questions of law, de novo. Health Ins. Pool v. Health Care Auth., 129 Wash.2d 504, 507, 919 P.2d 62 (1996). When interpreting statutory language, our goal is to carry out the legislature's intent. Simpson Inv. Co. v. Dep't of Revenue, 141 Wash.2d 139, 148, 3 P.3d 741 (2000); State v. Pesta, 87 Wash.App. 515, 521, 942 P.2d 1013 (1997), review denied, 135 Wash.2d 1002, 959 P.2d 127 (1998). When a statute is unambiguous, we determine legislative intent from the language of the statute alone. Waste Mgmt. of Seattle, Inc. v. Wash. Utilities & Transp. Comm'n, 123 Wash.2d 621, 629, 869 P.2d 1034 (1994).

II. RCW 9.94A.035
¶ 18 The State argues that the trial court should have applied RCW 9.94A.035 to classify Failey's 1974 robbery conviction as a class A felony under the SRA, for current sentencing purposes, because the maximum imprisonment term for that 1974 conviction was 20 years or more. We agree.

A. Pre-SRA Felony Classification
¶ 19 Before the legislature enacted RCW 9A.56.200 on July 1, 1976, Washington law did not divide robbery charges into degrees. Under former RCW 9.75.010 (1974), every person who committed robbery was "punished by imprisonment in the state penitentiary for not less than five years."[4] Because former chapter 9.75 RCW did not define a maximum sentence for robbery, the Legislature provided that the sentencing court could impose a maximum sentence under RCW 9.95.010 (1974) of "not less than twenty years."
¶ 20 Failey committed his 1974 robbery before July 1, 1976. Therefore, former RCW 9.95.010 (1994) applies to provide a maximum sentence of "not less than twenty years" for his 1974 robbery conviction. Because his 1974 pre-SRA robbery conviction was punishable by a maximum sentence of imprisonment of 20 years or more, RCW 9.94A.035 provides that such a felony "shall be treated as a Class A felony for purposes of this chapter."

B. Not Ambiguous
¶ 21 The trial court did not apply RCW 9.94A.035 to Failey's 1974 robbery conviction because it ruled that the statute is "ambiguous, susceptible to more than one interpretation, and therefore subject to interpretation under the rule of lenity." Clerk's Papers at 261. This ruling is contrary to the statute's plain language and ordinary meaning.
¶ 22 RCW 9.94A.035 provides, in pertinent part:
For a felony defined by a statute of this state that is not in Title 9A RCW, unless otherwise provided:

*879 (1) If the maximum sentence of imprisonment authorized by law upon a first conviction of such felony is twenty years or more, such felony shall be treated as a class A felony for purposes of this chapter;
RCW 9.94A.035(1).
¶ 23 By its plain language, RCW 9.94A.035 applies to felonies not included in Title 9A RCW, and it provides three sentencing classifications for prior felony convictions for such prior felonies. Failey's 1974 felony robbery conviction was for a crime not included in Title 9A RCW, which was not yet enacted; therefore, RCW 9.94A.035 applied to his 1974 conviction.
¶ 24 Under RCW 9.75.010 (1974), Failey's 1974 conviction was a felony robbery with a maximum sentence of imprisonment of 20 years or more. Thus, under the plain language of RCW 9.94A.035(1), Failey's 1974 robbery must be treated as a class A felony for purposes of the SRA.
¶ 25 We hold, therefore, that the trial court erred in ruling that RCW 9.94A.035 is ambiguous[5] and in failing to treat Failey's 1974 robbery conviction as a class A felony for sentencing purposes in connection with his 2006 first degree robbery conviction.

C. Varga

¶ 26 Our holding is consistent with our Supreme Court's review of the 2002 amendments to the Sentencing Reform Act (SRA) of 1981 in State v. Varga, 151 Wash.2d 179, 183, 86 P.3d 139 (2004). Focusing on the use of previously washed out convictions in defendants' offender scores, the Court held "that the 2002 SRA amendments properly and unambiguously require that sentencing courts include defendants' previously `washed out' prior convictions when calculating defendants' offender scores at sentencing for crimes committed on or after the amendments' effective date." Varga, 151 Wash.2d at 183, 86 P.3d 139 (emphasis added).

III. "Wash Out" of Prior Convictions
¶ 27 Relying on State v. Johnson, 51 Wash.App. 836, 759 P.2d 459, review denied, 111 Wash.2d 1008 (1988), Failey argues that his 1974 conviction "washed out" and, therefore, could not apply to his sentencing offender score. Johnson, however, does not apply. When Division One of our court decided Johnson in 1988, the legislature had not yet enacted RCW 9.94A.035 (1996). When determining defendants' potential sentences, trial courts apply the statute in effect at the time the defendant committed the current crimes. Varga, 151 Wash.2d at 191, 86 P.3d 139.
¶ 28 The statute in effect when Failey committed the instant first degree robbery in 2006 was RCW 9.94A.035. Accordingly, RCW 9.94A.035, not Johnson, controls. RCW 9.94A.035 treats Failey's 1974 robbery as a class A felony. See Analysis, part I, supra. Under RCW 9.94A.525, class A felony convictions never "wash" from a defendant's offender score. Accordingly, we hold that Failey's 1974 conviction does not "wash" from his offender score and the trial court erred in failing to treat this conviction as a class A felony for offender score purposes.

IV. Estoppel
¶ 29 The State also argues that the trial court erred in ruling that the State took inconsistent positions on Failey's criminal history with respect to whether his 1974 conviction had "washed out" and was, therefore, estopped from arguing that his 1974 robbery conviction could be included in his offender score. The State contends that, contrary to the trial court's ruling, (1) it did not take inconsistent positions; and (2) even if it did, no authority bars the State from taking different positions on a defendant's criminal history in different cases. Again, we agree with the State.
¶ 30 The doctrine of collateral estoppel,[6] or issue preclusion, applies in criminal *880 cases. State v. Peele, 75 Wash.2d 28, 30, 448 P.2d 923 (1968); State v. Blakey, 61 Wash. App. 595, 598, 811 P.2d 965 (1991). Our Supreme Court has set forth the following collateral estoppel test:
Before the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.
Thompson v. Dep't of Licensing, 138 Wash.2d 783, 790, 982 P.2d 601 (1999) (quoting Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d 255, 262-63, 956 P.2d 312 (1998)).
¶ 31 Here, the 1993 trial court decided, under the then applicable law, that the SRA washed out Failey's 1974 robbery conviction when it sentenced him for first degree robbery. The 1999 trial court did not consider Failey's 1974 robbery conviction when it sentenced him for first degree theft and first degree unlawful possession of a firearm based on a plea agreement, but the court did comment that it was unclear whether the 1974 conviction would wash out.
¶ 32 But, as we previously noted, the SRA and its wash out provisions have changed since 1993 and 1999. See Varga, 151 Wash.2d at 183, 86 P.3d 139. Under current law, Failey's 1974 conviction did not wash out. We further note that even if the 1974 conviction did wash out, RCW 9.94A.525[7] would count it in his offender score anyway. Accordingly, neither the State nor Failey has previously litigated whether Failey's 1974 robbery conviction can be included in his offender score under the current SRA.
¶ 33 We hold, therefore, that collateral estoppel does not preclude the State from asserting that Failey's 1974 robbery conviction can be included in his offender score for purposes of sentencing for his 2006 first degree robbery conviction.[8]

V. Robbery Conviction as a Strike Offense for Persistent Offender Purposes
¶ 34 Relying on In re Personal Restraint of Lavery, 154 Wash.2d 249, 111 P.3d 837 (2005), Failey argues that his 1974 robbery conviction is not a strike offense for persistent offender sentencing purposes under RCW 9.94A.030(33) because the charging information did not allege a specific "intent to steal." Br. of Resp't at 16. This argument fails.
¶ 35 Our Supreme Court did not apply RCW 9.94A.035 in Lavery, because it was analyzing whether a federal conviction was equivalent to Washington's second degree robbery. Lavery, 154 Wash.2d at 255, 111 P.3d 837. As we previously noted, RCW 9.94A.035, by its terms, applies to "felon[ies] defined by a statute of this state that [are] not in Title 9A RCW." Thus, the trial court should have applied RCW 9.94A.035 to determine the class of Failey's Washington 1974 robbery conviction, rather than the two-part comparability test devised by the courts for foreign convictions. See State v. Ball, 127 Wash.App. 956, 957 n. 1, 113 P.3d 520 (2005) (holding that Lavery is inapplicable to defendant's prior convictions because they were Washington State, not foreign, convictions), review denied, 156 Wash.2d 1018, 132 P.3d 734 (2006). Again, applying RCW 9.94A.035, Failey's 1974 robbery conviction is a class A felony, which is a strike offense for persistent *881 offender sentencing purposes. RCW 9.94A.030(33).
¶ 36 If the trial court had correctly considered Failey's 1974 robbery conviction, this conviction would have provided a third strike offense, thereby qualifying him as a persistent offender under RCW 9.94A.570. We hold, therefore, that the trial court erred in excluding Failey's 1974 robbery conviction and in failing to sentence him as a persistent offender.
¶ 37 We reverse Failey's standard range sentence and remand for resentencing as a persistent offender.[9]
We concur: HOUGHTON, C.J., and ARMSTRONG, J.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Failey argued, however, that the State's saying his criminal history was "unclear" was equivalent to the State's agreement, or at least acquiescence, that the 1974 conviction had washed out. The record does not support this assertion.
[3] Although the 1999 sentencing court heard argument on the wash-out issue, it did not rule on it because Failey and the State reached an agreed recommended sentence. Thus, in its Findings of Fact and Conclusions of Law, the 1999 sentencing court noted that Failey's 1974 conviction may or may not wash out:

If the defendant had been convicted of that crime, he would be facing the potential standard sentencing range of life without the possibility of parole as a persistent offender.
However, the defendant's criminal history is such that another possible outcome is that he would have a sentencing range of 57-75 months in prison due to `washout' provisions of the Sentencing Reform Act.
Without ruling on whether the 1994 conviction had washed out, the court then sentenced Failey "pursuant to a plea bargain." 1999 Findings of Fact and Conclusions of Law for Exceptional Sentence Supplemental CP at 1-2.
[4] RCW 9.75.010 (1974) was repealed by Laws of Washington 1975, 1st Ex.Sess., ch. 260, § 9A.92.010, eff. July 1, 1976.
[5] Because RCW 9.94A.035 is not ambiguous, we need not address Failey's argument that the rule of lenity applies.
[6] Although the trial court used the general term "estoppel," we assume that it was referring to the doctrine of "collateral estoppel," which corresponds to the substance of the trial court's discussion and ruling. We have analyzed this issue accordingly.
[7] RCW 9.94A.525(19) (2006) (amended as RCW 9.94A.525(21) (2008)) provides:

The fact that a prior conviction was not included in an offender's offender score or criminal history at a previous sentencing shall have no bearing on whether it is included in the criminal history or offender score for the current offense. Accordingly, prior convictions that were not counted in the offender score or included in criminal history under repealed or previous versions of the sentencing reform act shall be included in criminal history and shall count in the offender score if the current version of the sentencing reform act requires including or counting those convictions.
[8] In light of this holding, we do not address whether the trial court erred in ruling that the State took inconsistent positions on Failey's offender score.
[9] RCW 9.94A.570 provides: "[A] persistent offender shall be sentenced to a term of total confinement for life. . . ." (Emphasis added.) Thus, once a defendant receives a third strike conviction, the trial court is required to sentence him as a persistent offender to the statutory term of life without parole.