[No. 81557-7. En Banc.]

Considered February 5, 2009. Decided February 12, 2009.

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT FRANK FAILEY, *Petitioner*.

674

*Rita J. Griffith*, for petitioner.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Hyer, Deputy*, for respondent.

¶1 PER CURIAM — This case concerns the classification of crimes existing before the enactment of the Washington Criminal Code, Title 9A RCW, and the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, for purposes of persistent offender sentencing. Robert Failey argues the Court of Appeals erroneously held that his 1974 robbery

conviction was a class A felony that counted as a "strike" offense. We agree and reverse the Court of Appeals.[1]

## FACTS

¶2 The State sought to sentence Failey as a persistent offender after he was convicted of first degree robbery in 2007. Failey's criminal history included a 1974 robbery conviction and a 1993 first degree robbery conviction, among other crimes. The parties disputed whether the 1974 robbery qualified as a "strike" offense that could be included in Failey's offender score, making Failey's current offense a third "strike" subject to life imprisonment without the possibility of early release. The trial court determined that the 1974 robbery was not a strike offense and imposed a standard range sentence. The court based its decision in part on its conclusion that the 1974 conviction had "washed out." It also determined that RCW 9.94A.035, which the State claimed classified the 1974 robbery as a class A felony (and thus a strike offense), is ambiguous and therefore must be construed against the State under the rule of lenity.

¶3 The Court of Appeals reversed, holding that the 1974 robbery conviction did not "wash out" and that RCW 9.94A.035 unambiguously classifies that conviction as a strike offense. *State v. Failey*, 144 Wn. App. 132, 144, 181 P.3d 875 (2008). It remanded for imposition of a life sentence without the possibility of early release. *Id.* at 145.

## ANALYSIS

¶4 An offender convicted of a "most serious offense" must be sentenced to life imprisonment without early release if he has at least two prior convictions for most serious offenses and those prior convictions would be included in his current offender score under RCW 9.94A.525.

---

[1] We also grant Failey's motion to strike portions of the State's supplemental brief.

RCW 9.94A.030(37)(a)(i)-(ii), .570.[2] A "most serious offense" includes any class A felony, second degree robbery, and "[a]ny felony offense in effect at any time prior to December 2, 1993, that is comparable to a most serious offense." RCW 9.94A.030(32)(a), (o), (u). Offenses to be included in the offender score under RCW 9.94A.525 include class A felonies and some class B and class C felonies. RCW 9.94A-.525(2)(a)-(c). But class B convictions other than sex offenses are not included in the offender score if, since the last date of release from confinement on a felony conviction or the entry of judgment and sentence, the offender had spent 10 consecutive years in the community without committing another crime that results in a conviction. RCW 9.94A.525(2)(b).

¶5 At issue is whether Failey's 1974 robbery conviction, a pre-SRA crime, is a "most serious offense" and would be included in Failey's current offender score, making it a strike offense qualifying him as a persistent offender. "Robbery" was then codified under former RCW 9.75.010 (1974), which did not divide the crime into degrees. The punishment for robbery was imprisonment for not less than five years. Former RCW 9.75.010. And since the crime did not have a specified maximum sentence, a court could impose a maximum term of not less than 20 years and up to and including life. RCW 9.95.010. Under the SRA, felonies defined by a statute "not in Title 9A RCW" (the Washington Criminal Code) are to be treated as class A felonies if the "maximum sentence of imprisonment authorized by law upon a first conviction of such felony is twenty years or more." RCW 9.94A.035(1). Reading these statutes together, the Court of Appeals reasoned that Failey's 1974 robbery was equivalent to a class A felony because the crime was defined outside Title 9A RCW (which had not yet been enacted in 1974) and then carried a maximum sentence of

---

[2] The codifications of some of the provisions of the SRA applicable to this case have changed since Failey committed his current crime. But because none of the applicable provisions has changed in relevant respects, current codifications will be used for ease of reference.

20 years or more. *Failey*, 144 Wn. App. at 141-42. And since a class A felony is a most serious offense and never "washes out," the court held that Failey's 1974 robbery conviction qualified as a strike offense. *Id.* at 142.

¶6 But we agree with Failey that the 1974 robbery should be classified pursuant to RCW 9.94A.030(32)(u). That statute defines a "most serious offense" in part as any felony offense in effect prior to December 2, 1993, that is comparable to a current most serious offense. RCW 9.94A-.035 is concerned generally with categorizing Washington felonies not listed in the criminal code into classes based on sentence length, while RCW 9.94A.030(32)(u) more directly and specifically governs the question of whether an earlier offense counts as a strike offense. Moreover, RCW 9.94A-.035 is ambiguous in its applicability to past crimes. It could be read to simply apply to current felonies "not in Title 9A RCW," such as vehicular homicide. *See* RCW 46.61.520. It is not clear that its reference to statutes "not in Title 9A RCW" is meant to apply to statutes that no longer exist, such as the former robbery statute. Given this ambiguity, the rule of lenity should apply to bar classification of Failey's 1974 robbery pursuant to RCW 9.94A.035. *See State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005) (rule of lenity requires interpreting ambiguous criminal statutes in manner most favorable to defendant).

■■ ¶7 Applying the comparability analysis of RCW 9.94A.030(32)(u), Failey's 1974 robbery is most comparable to the current offense of second degree robbery. The former robbery statute defined "robbery" in part as "the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury . . . to his person or property." Former RCW 9.75.010. The conduct charged in the information to which Failey pleaded guilty in 1974 stated that Failey unlawfully and feloniously "[took] personal property from the person or in the presence of Jack Dean Pruitt, against his will or by means of force or violence or fear of immediate injury to his

person." Clerk's Papers at 69. The current crime of second degree robbery is committed if someone "unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone." RCW 9A.56.190, .210(1). Second degree robbery is a class B felony and a most serious offense. *See* RCW 9.94A.030(32)(o); RCW 9A.56.210(2). But since the crime is comparable to a class B felony, Failey's 1974 robbery conviction "washed out" of his offender score under RCW 9.94A.525(2)(b) because he spent 10 consecutive years in the community before committing his next crime after his release from confinement on the robbery. Thus, the 1974 robbery conviction does not count as a strike offense under the comparability analysis of RCW 9.94A.030(32)(u).

## CONCLUSION

¶8 RCW 9.94A.030(32)(u) applies to determine whether Failey's 1974 robbery conviction is a most serious offense that currently counts as a strike offense for persistent offender purposes. Under that statute and RCW 9.94A.525(2)(b), the 1974 conviction "washed out" of Failey's offender score. Thus, the conviction did not count as a strike offense. We reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.